**UNITED STATES of America, Appellant,**

**v.**

**Eugene H. ROMAN, Appellee.**

**No. 71-1280.**

United States Court of Appeals,
Fourth Circuit.

Argued June 11, 1971.

Decided Nov. 17, 1971.

Certiorari Denied Feb. 28, 1972.
See 92 S.Ct. 1171.

James F. Companion, Asst. U. S. Atty. (Paul C. Camilletti, U. S. Atty., on the brief), for appellant.

Jolyon W. McCamic, Wheeling, W. Va. (McCamic & McCamic, Wheeling, W. Va., on the brief), for appellee.

Before BRYAN, WINTER and RUSSELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

A warrant directed to an FBI agent for a search of the garage and basement of appellant Eugene H. Roman's home in Wheeling, West Virginia for a stolen automobile was quashed, and the car seized under the warrant was rejected as proof in the prosecution of Roman for interstate auto theft under 18 U.S.C. § 2313. The ruling followed from the conclusion that the FBI agent's affidavit for the warrant, when judged under the Fourth Amendment's requirement of "probable cause", was insufficient to support the writ. We see the warrant as adequately grounded and vacate its dismissal.

The affidavit as pertinent reads:

"The undersigned being duly sworn deposes and says:

"That he has reason to believe that on the premises known as the garage and basement of a two-story frame house located at 889 Ivy Avenue, Wheeling, Ohio County, West Virginia, in the Northern Judicial District of West Virginia, there is now being concealed a certain property, namely, a 1970 Chevrolet automobile, VIN 1363-70A119308, reportedly stolen from James Bertuca, 4713 Hatfield Street, Pittsburgh, Pennsylvania, which is property constituting evidence of a federal crime, namely violation of Title 18, Section 2313, United States Code.

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

"The aforesaid 1970 Chevrolet automobile, VIN 136370A119308, was reported stolen in Pittsburgh, Pennsylvania, on or about March 17 or 18, 1970.

"In July, 1970, a responsible citizen reported to an agent of the Federal Bureau of Investigation, Cincinnati office, that one Gene Roman endeavored to obtain an Ohio Certificate of Title for the 1970 Chevrolet automobile, VIN 136370A119308, reported stolen as stated aforesaid.

"An officer of the Police Department of the City of Wheeling, Ohio County, West Virginia, reported that he saw the back end of a 1970 Chevro-

let automobile in the garage of the house located at 889 Ivy Avenue, Wheeling, West Virginia.

"The Wheeling City Directory lists that Eugene H. Roman is a resident of the premises situated at 889 Ivy Avenue, Wheeling, West Virginia."

The Fourth Amendment's exactions of the affidavit for a search warrant are set forth precisely in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964). Cf. United States v. Ross, 424 F.2d 1016 (4 Cir. 1970). When based solely on the hearsay report of an unidentified informant, the affidavit must under the tenets of *Aguilar* recite "some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable' ", 378 U.S. at 114, 84 S.Ct. at 1514. See also United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

Presently the United States concedes that the affidavit's *form* does not "meet the *Aguilar* standard" in that it fails to supply the grounds for the veracity accorded the informer. Nonetheless, it vigorously emphasizes that the very circumstances detailed in the affidavit inherently give credence to belief in Roman's guilt. See Spinelli v. United States, supra, 393 U.S. at 415, 89 S.Ct. 584. To us this is the inescapable impartation of the affidavit—its very essence. In sum, the internal content of the affidavit intrinsically proves the truth of the "responsible" citizen's word.

Notably, informant's report to the agent about application for the car's titling described the vehicle by the precise engine number. He would not have had this information without intimate knowledge of the application document—a fact which forcefully enhances the probity of the affidavit. Significance of the informer's knowledge of the car number is questioned by Roman in that the informer could have been the same person who reported the car's larceny. He would, the argument continues, of course know the

number. But this is only the appellee's guess; the record does not establish the surmised duplication of identity, and nothing in the affidavit warrants an inference of this nature.

Adding the final imprimatur of believability to the citizen's disclosure is the affidavit's advertence to the Wheeling policeman's report that he saw "the back end of a 1970 Chevrolet automobile in [Roman's] garage". This was the fruit of police vigilance. The trustworthiness of the citizen's tip is further underwritten by independent official verification of the *fact* of a crime, the theft of a car explicitly identified. Finally, the agent's own knowledge and assessment of the reliability of his source of information is not without significance. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

The lesson of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) is instructive here:

"[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants * * * must be tested and interpreted * * * in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." 380 U.S. at 108, 85 S.Ct. at 746.

In fine, of course, we recognize that the ipse dixit of the agent as to the informant's responsibility is not alone sufficient for the issuance of the warrant. But here the information embraced more than the informer's words denoted. It bears characteristics of its truth. It

proves its own integrity, aside from the agent's appraisal.

We reverse the order discharging the warrant and discarding the evidence it brought.

Vacated.