Carl **HUNT**, Petitioner,

v.

Harold **R. SWENSON**, Warden, Missouri
State Penitentiary, Respondent.

No. 71 C 191(2).

United States District Court,
E. D. Missouri, E. D.

May 11, 1972.

Daniel P. Reardon, Jr., St. Louis, Mo.,
for petitioner.

John C. Danforth, Atty. Gen., State of
Mo., Kenneth M. Romines, Asst. Atty.
Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

Petitioner was found guilty of receiving stolen property and sentenced to 10 years imprisonment under the Missouri Second Offender Act. In this habeas corpus proceeding, transferred to this Court from the Western District of Missouri, the narrow issue for resolution is whether there was probable cause for the issuance of the search warrant on the basis of which the stolen articles were discovered on petitioner's premises. On direct appeal the Missouri Supreme Court held the warrant valid (State v. Hunt, Mo., 454 S.W.2d 555) and we agree.

On the evening of September 6, 1967, the business establishment of Murray Motors, Inc., was broken into and various items including mechanics' tools, socket wrenches, and tool boxes were stolen. Thereafter, on September 21, 1967, George Michael Hoffman who was arrested under a federal narcotics "want" order disclosed to the police that he had information relating to the theft. The following day the search warrant in

question was applied for by the police and issued by the Honorable Waldo C. Mayfield, a judge of the Circuit Court of the City of St. Louis.

Personally appearing before Judge Mayfield, in addition to the police officers, were Hoffman and Frank Gollhofer, the manager of Murray Motors. Both Hoffman and Gollhofer executed affidavits which were sworn to before Judge Mayfield and attached to the sworn application of Police Sergeant Lloyd Altemus for the search warrant.

Altemus' application recited that "upon information and belief" based upon the attached affidavits of Gollhofer and Hoffman certain described items stolen from Murray Motors were in a building at 2420 Hadley Street, St. Louis, Missouri. Gollhofer's affidavit simply set forth the fact of the burglary and theft, together with a list of the items taken. Hoffman's affidavit, the crucial one, reads as follows:

"Comes now George Michael Hoffman, and states that on September 6, 1967, I saw one James Reynolds, alias Frankie Lyman, who I have known for 12 or 15 years. I saw him about 9:00 or 10:00 A.M. on that morning and he said he had some pieces he wanted to sell and he had just left Joe's, a fence, and that Joe would not give him a decent price for these pieces. He asked me if I knew where he could get rid of them and I told him yes, and we then went to a building located at 2420 Hadley Street, known as C & H Auto Parts, run by a Carl Hunt, and we both carried into that building two small tool boxes, red in color, one battery charger, an empty tool chest, a comptometer machine, and various loose hand tools, including one Impact wrench, and various Snap-On tools, which included wrenches and sockets, and also some screwdrivers. We carried the battery charger and two tool boxes into the body shop part of the building, with an entrance on North Market, and we carried the other tools and the comptometer machine into the motor shop part of the building, which has its entrance on Hadley Street.

"A week or so later I was riding in an automobile with James Reynolds and we passed the Murray Motor Company at 4870 Natural Bridge and James Reynolds told me he had gotten all the above described property from that company. He referred to Murray Motors and said that he had 'beat' them, which is an expression that means that he stole them." Later that afternoon, the warrant was served and executed, some of the stolen articles were found in petitioner's possession on the described premises, and petitioner was placed under arrest.

Petitioner argues under the tests of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, there was an insufficient evidential support for the finding of probable cause. He urges that the application for the search warrant by Altemus was verified on the information and belief of the police officer and contained no basis whatsoever for such information and belief other than the matters set forth in the two supporting affidavits of Hoffman and Gollhofer. What petitioner overlooks is that in this case, as distinguished from *Aguilar* and *Spinelli*, neither the officer's belief nor the finding of the magistrate was based upon information received from a "faceless informer." Here, probable cause was found by Judge Mayfield on the basis of information he received from named individuals who *personally* appeared before him and *swore* to the facts. Contrary to the run-of-the-mill case, here the magistrate himself, not merely the police officer, was in a position to and did judge the credibility of the informants. In view of Hoffman's obvious knowledge of the Murray Motors theft and of the articles taken, Judge Mayfield was justified in finding the informant reliable.

*Aguilar* held that the absence of any statement of adequate supporting facts (that is, the underlying circumstances from which the officer, as distinguished from the magistrate, concluded that the unnamed informant was "credible" or

his information "reliable") precluded the issuance of the warrant. The instant facts do not fit *Aguilar*. Cited with approval therein is Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 4 L.Ed.2d 697, to the effect that "when a search is based upon a *magistrate's*, rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant.' "

*Spinelli* is equally inapposite. There, also unlike this case, the information was received from an unnamed informant who did not reveal how or from whom he came by the information, nor supply any details from which the magistrate could infer that the information was "something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation."

■ Petitioner stresses the fact that some of the vital information in Hoffman's affidavit is hearsay, urging that the only facts within the personal knowledge of the two affiants were that certain tools had been stolen from Murray Motors and that some similar tools had been delivered to defendant's place of business. However, it was long ago settled, as *Aguilar* recognizes, that hearsay may provide a basis for a finding by the magistrate of probable cause. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327.

■ A finding of probable cause may rest upon evidence · (e. g., hearsay) which is not legally competent in a trial. Thus, in United States v. Jensen, 6 Cir., 432 F.2d 861, 863, it was said "Hearsay from named persons who supply detailed information suggesting direct knowledge of the facts is admissible for determining probable cause for a search warrant." Stated otherwise, so long as there is a substantial basis for crediting the hearsay, the issuance of the search warrant may be based upon hearsay. Gallagher v. United States, 8 Cir., 406 F.2d 102, 107, 108; Jones v. United States, supra; and United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. Here, the very circumstances detailed in Hoffman's affidavit inherently give credence to the truth thereof. Cf. United States v. Roman, 4 Cir., 451 F.2d 579, 581.

In the present case, Hoffman's hearsay information came "from [James Reynolds] one of the actors in the crime in the nature of admission against interest." (White, J. concurring in *Spinelli*, 393 U.S. 410, 425, 89 S.Ct. 584, 593). So there was good reason for the magistrate to credit this hearsay. Cf. United States v. Long, 8 Cir., 449 F.2d 288, 293, holding that "(i)n this case, the credibility and reliability of the [unnamed] informant was adequately established by the disclosure in the affidavit that the informant was an admitted participant in the crime and therefore an eyewitness to most of the acts constituting the crime as described in the affidavit." And see United States v. Harris, 403 U. S. 573, 583, 91 S.Ct. 2075, 2082, 29 L. Ed.2d 723 (another case involving an unidentified informant whose statements were against his penal interest), stating that "(c)ommon sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. * * * Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search."

That the burglary and theft at Murray Motors occurred was unquestionably established by the sworn statement of the manager of the victim of the crime. Cf. United States v. Mahler, 9 Cir., 442 F.2d 1172, 1174. Hoffman's affidavit then established that he personally participated in delivering to petitioner at the address set forth in the search warrant the very articles which, so the named thief informed him, had been stolen in the Murray Motors burglary.

**474**

And at the very time Hoffman assisted the thief in delivering the articles he knew that such articles were stolen, even though he professed to have acquired his knowledge of the person from whom they were stolen at a later date.[1] Significant is his statement that the thief (whom he had known for a number of years) solicited his assistance in disposing of property to a *"fence"* (one who deals in stolen property), and it was Hoffman who suggested petitioner as a fence likely to purchase at a more reasonable price than fence Joe had offered.

It is further apparent that far more is contained in Hoffman's affidavit than mere hearsay information from the alleged thief in the nature of admissions against that thief's interest. There is also an admission against the penal interest of Hoffman himself. The facts stated in his affidavit would appear to be sufficient to convict Hoffman as well as petitioner of the crime of receiving stolen property, on the theory that Hoffman was an aider and abetter. See State v. Brown, Mo., 332 S.W.2d 904, sustaining a conviction under comparable facts. Hence, the admissions by Hoffman against his own penal interest carry "their own indicia of credibility." (United States v. Harris, supra). Of importance also is the fact that the information given by Hoffman was in the form of an affidavit so that if his statements were untrue he would be guilty of the crime of making a false affidavit under Missouri law. Section 557.070 R. S.Mo. V.A.M.S. In these circumstances, common sense would induce a prudent and disinterested magistrate to credit the statements of Hoffman.

■ We hold, as did the Missouri Supreme Court, that "(t)he affidavits afforded a substantial basis for the circuit judge to conclude that the stolen property was located at 2420 Hadley Street" and that they constituted an adequate basis for Judge Mayfield to determine that probable cause existed for the issuance of the search warrant.

Accordingly, it is hereby ordered that the petition for a writ of habeas corpus be and the same is denied.

---

1. It developed at the trial of the case that Hoffman had assisted Reynolds in the burglary and theft, but since that fact was not disclosed to Judge Mayfield it does not bear on his finding of probable cause.