**Carl HUNT, Appellant,**

v.

**Harold R. SWENSON, Appellee.**

No. 72-1394.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1972.

Decided Sept. 18, 1972.

Rehearing and Rehearing En Banc
Denied Oct. 13, 1972.

Carl Hunt, pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY, * District Judge.

PER CURIAM.

This is an appeal by Carl Hunt from the dismissal of his habeas corpus petition attacking the validity of his conviction on a Missouri State charge of receiving stolen property. The facts are set out in the opinion of the Missouri Supreme Court affirming his conviction. State v. Hunt, 454 S.W.2d 555 (1970).

The principal issue raised in the trial court and here is that the stolen property found on defendant's premises as a result of a search under a search warrant should be suppressed on the ground probable cause was not shown for the issuance of the warrant. Our examination of the record satisfies us that the probable cause for the issuance of the warrant is clearly established. This is adequately demonstrated by the opinion of the State Supreme Court, *supra,* and the well-considered opinion of Judge Regan, 344 F.Supp. 471, who heard this case.

Petitioner additionally suggests upon appeal that the search warrant was issued upon the basis of perjured testimony. The testimony of Hoffman in his search warrant affidavit varies somewhat from his testimony at the trial, principally in that in the affidavit Hoffman did not admit participating in the offense while at the trial he admitted he was a participant. Such variation would have no substantial bearing on the probable cause issue. Moreover, this point was first raised in the federal district court on petition for certificate of probable cause and was not passed upon by the trial court. Issues not timely and properly raised in the trial court are not entitled to consideration upon appeal. In any event, the contention lacks merit. This issue was raised and properly rejected by the Missouri Supreme Court on direct appeal, the Court stating:

"Nor is the validity of the warrant affected by Hoffman's testimony to a somewhat different version of the

* Sitting by designation.

Murray theft at appellant's trial. At the trial, Hoffman testified that he was an actual participant in the taking of the tools and equipment from Murray Motors. Probable cause for the issuance of a search warrant must be judged on the basis of what was before the issuing judge. McCreary v. Sigler, 406 F.2d 1264, 1268(11), (8th Cir.); Aguilar v. Texas, 378 U.S. [108] at p. 109, n. 1, 84 S.Ct. 1509 [, 12 L.Ed.2d 723]. Hoffman's testimony at the trial was not so entirely inconsistent with his affidavit in support of the search warrant as to destroy its validity." 454 S.W.2d 555, 558.

The judgment dismissing the petition is affirmed.