940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Maurice GARRETT, Defendant-Appellant.
 No. 91-5634.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 25, 1991.
Decided July 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CR-90-36-NN)
 Andrew Anthony Protogyrou, Knight, Dudley, Dezern & Clarke, Norfolk, Va., for appellant.
 Henry E. Hudson, United States Attorney, Paul George Cassell, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Wayne Maurice Garrett was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1) and of possession of unregistered firearms in violation of 26 U.S.C. Secs. 5861(d), 5841 & 5845. He contends that the warrant pursuant to which he was arrested was not supported by probable cause and that the district court erred in denying his motion to suppress the evidence seized during the execution of the warrant. We find no error and affirm his convictions.
 
 
 2
 A Newport News, Virginia, fire investigator swore out the arrest warrant for Garrett. The bulk of the investigator's information came from a source which the district court found to be a "citizen-witness" rather than a paid informant. The district court found that such a source's veracity was generally considered to be less suspect than a paid informant. Considering all the circumstances, the district court found that the arrest warrant was supported by probable cause and denied Garrett's motion to suppress. The district court granted Garrett's motion to suppress evidence seized pursuant to a search warrant for Garrett's apartment which was obtained on different evidence than the arrest warrant. The granting of the motion to suppress on the search warrant did not benefit Garrett because the evidence seized was in plain view when the officers served the arrest warrant.
 
 
 3
 In reviewing a motion to suppress evidence obtained pursuant to a warrant, we must accord "great deference" to the magistrate's assessment of the facts presented to him. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir.1990) (quoting Spinelli v. United States, 393 U.S. 410 (1969)). Our inquiry is only whether the magistrate had a " 'substantial basis ... for conclud[ing]' that probable cause existed." Blackwood, 913 F.2d at 142 (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)). The magistrate is required "simply to make a practical, commonsense decision whether, given all the circumstances in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information," probable cause exists to search or arrest. See Gates, 462 U.S. at 238.
 
 
 4
 Garrett challenges the district court's finding that the source of the investigator's information was a citizen-witness to a crime rather than an informant for purposes of determining his reliability. Garrett also argues that even if the source is considered a citizen-witness, his reliability must still be proven by corroborating evidence.
 
 
 5
 The district court found that the person reporting the crime was a citizen/witness and not a government informant. This is a factual finding by the district court. Cf. United States v. Gagnon, 635 F.2d 766, 769 (10th Cir.1980) (whether informant is government agent for fourth amendment purposes is factual determination), cert. denied, 451 U.S. 1018 (1981). Therefore, the clearly erroneous standard applies on appellate review. United States v. McCraw, 920 F.2d 224, 227 (4th Cir.1990).
 
 
 6
 The district court's determination was not clearly erroneous. None of the evidence presented to the magistrate in support of the arrest warrant showed that the source was a regular or compensated police informant. Garrett points out that the source arrived at Garrett's apartment when Garrett was arrested. This circumstance alone does not convert the source into an informant for purposes of determining credibility.
 
 
 7
 We also find that the reliability of the source was sufficiently established before the magistrate. The prevailing view is that corroboration for citizen reports of criminal acts is unnecessary. 1 W. LaFave, Search & Seizure: A Treatise on the Fourth Amendment Sec. 3.4(a) at 717 & n. 26 (2d ed. 1987 & 1991 Supp.) (citing cases). See, e.g., United States v. Campbell, 732 F.2d 1017 (1st Cir.1984). Even assuming that corroboration was necessary here, we find that it existed.
 
 
 8
 Several factors corroborated the information given by the investigator's source. The magistrate knew that the source voluntarily came to the police station and gave a written, signed statement describing pipe bombs that the source had very recently seen in Garrett's apartment. See United States v. Wilson, 479 F.2d 936, 940 (7th Cir.1973) (information volunteered by identified party carries with it indicia of reliability); 1 W. LaFave, supra, at 723 (same). In addition, the source described the bombs in detail. See United States v. Roman, 451 F.2d 579, 581 (4th Cir.1971), cert. denied, 405 U.S. 963 (1972). The source also revealed Garrett's motivation for building the bombs. In view of all these circumstances, along with the lack of any evidence that the source had a reason to falsify his statements, the magistrate had a substantial basis for believing that a crime was being committed and that Garrett was committing it. Therefore, the arrest warrant was properly issued. See Steagald v. United States, 451 U.S. 204, 213 (1981).
 
 
 9
 Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.