## HAYWOOD *v.* NATIONAL BASKETBALL ASSN.

Decided March 1, 1971

MR. JUSTICE DOUGLAS, Circuit Justice.

This is an application for a stay of an order issued by the Court of Appeals for the Ninth Circuit. It raises questions under the Sherman Act concerning the legality of the professional basketball college player draft. The hearing on the merits will be heard by the District Court for the Central District of California.

The Seattle club for which the applicant now plays basketball has joined in the request for the stay, while the NBA opposes.

Under the rules of the NBA a college player cannot be drafted until four years after he has graduated from high school. Players are drafted by teams in the inverse order of their finish during the previous season. No team may negotiate with a player drafted by another team.

Applicant played with the 1968 Olympic team and then went to college. Prior to graduation he signed with

the rival American Basketball Association, but upon turning 21 he repudiated the contract, charging fraud. He then signed with Seattle of the NBA. This signing was less than four years after his high school class had graduated (thus leaving him ineligible to be drafted under the NBA rules). The NBA threatened to disallow the contract and also threatened Seattle's team with various sanctions.

Applicant then commenced an antitrust action against the NBA. He alleges the conduct of the NBA is a group boycott of himself and that under *Fashion Originators' Guild* v. *FTC,* 312 U. S. 457, and *Klor's* v. *Broadway-Hale Stores,* 359 U. S. 207, it is a *per se* violation of the Sherman Act. He was granted an injunction *pendente lite* which allowed him to play for Seattle and forbade NBA to take sanctions against the Seattle team. The District Court ruled:

> "If Haywood is unable to continue to play professional basketball for Seattle, he will suffer irreparable injury in that a substantial part of his playing career will have been dissipated, his physical condition, skills and coordination will deteriorate from lack of high-level competition, his public acceptance as a super star will diminish to the detriment of his career, his self-esteem and his pride will have been injured and a great injustice will be perpetrated on him."

The college player draft binds the player to the team selected. Basketball, however, does not enjoy exemption from the antitrust laws. Thus the decision in this suit would be similar to the one on baseball's reserve clause which our decisions exempting baseball from the antitrust laws have foreclosed. See *Federal Baseball Club* v. *National League,* 259 U. S. 200; *Toolson* v. *New York*

*Yankees,* 346 U. S. 356. This group boycott issue in professional sports is a significant one.

The NBA appealed the granting of the preliminary injunction to the Court of Appeals for the Ninth Circuit. That court stayed the injunction, stating:

> "We have considered the status quo existing prior to the District Court's action and the disturbance of that status resulting from the injunction; the nature and extent of injury which continuation of the injunction or its stay would cause to the respective parties; and the public interest in the institution of professional basketball and the orderly regulation of its affairs."

The matter is of some urgency because the athletic contests are under way and the playoffs between the various clubs will begin on March 23. Should applicant prevail at the trial his team will probably not be in the playoffs, because under the stay order issued by the Court of Appeals he is unable to play. Should he be allowed to play and his team not make the playoffs then no one, of course, will have been injured. Should he be allowed to play and his team does make the playoffs but the District Court decision goes in favor of the NBA, then it would be for the District Court to determine whether the NBA could disregard the Seattle victories in all games in which he participated and recompute who should be in the playoffs.

To dissolve the stay would preserve the interest and integrity of the playoff system, as I have indicated. Should there not be a decision prior to beginning of the playoffs and should Seattle make the playoffs then the District Court could fashion whatever relief it deems equitable.

In view of the equities between the parties, 28 U. S. C. § 1651 (a), I have decided to allow the preliminary in-

junction of the District Court to be reinstated. The status quo provided by the Court of Appeals is the status quo before applicant signed with Seattle. The District Court preserved the status quo prior to the NBA's action against Seattle and Haywood. That is the course I deem most worthy of this interim protection. The stay will issue.