## Richmond

CHRISTOPHER OWEN BROWN v. COMMONWEALTH OF VIRGINIA.

MERLE DENNIS LARSON v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record Nos. 7785 and 7786.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Jonathan S. Gibson, III,* for plaintiff in error in Record Nos. 7785 and 7786.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7785 and 7786.

Per Curiam.

Christopher Owen Brown and Merle Dennis Larson were tried by the court and found guilty of possession of marijuana in violation of the Drug Control Act. We granted them writs of error to the

judgment orders entered November 2, 1970, which sentenced each to eight months at the Newport News City Farm and a fine of $100, with the eight-month sentences suspended upon good behavior for one year.

The validity of the convictions depends entirely upon the validity of the search warrant by authority of which police officers entered appellants' apartment and found marijuana that Brown and Larson admitted belonged to them.

The affidavit for the search warrant was executed on August 22, 1970, by Sgt. M. B. Farmer of the Newport News Police Department. It described the premises to be searched for narcotics as "Three Story-rock cement dwelling located at 5301 Huntington Ave., Newport News, Virginia". Incorporated in this affidavit by reference was a statement by the affiant-officer of facts constituting probable cause for the search. These facts had been supplied by an unnamed informer who reported that he had seen "marijuana being smoked, dispensed and prepared in the past at 5301 Huntington Ave. on the third floor"; that on "this date" he had observed "three containers sitting in the window sill of a third story apartment . . . which contained live marijuana plants" and that he had also seen plastic bags, cigarette papers and marijuana seed in the apartment at the same time.

Affiant further stated in the affidavit that he and another officer had gone by the specified address and found it to be a three story rock-cement dwelling, brown in color. They could see containers in the window "on the third floor of this dwelling . . ." but could not observe plants in them.

The search warrant was issued by a justice of the peace, authorizing search of "a certain Three Story Rock Cement Dwelling", further described therein as "5301-Huntington Ave., Newport News, Va.", for narcotics and drug paraphernalia.

At the trial, Sgt. Farmer testified that, after obtaining the warrant, he and another officer proceeded to "this residence, . . . went to the third floor apartment and knocked at the door". When Brown opened the door a copy of the search warrant was served on him and the search was conducted.

Farmer testified that prior to the search he did not know the names of the individuals who occupied the apartment, but that he knew the apartment was on the third floor and that there was only one apartment on that floor. At this time a motion was made to

suppress evidence seized in the search on the grounds that the search warrant improperly described the premises to be searched and that the supporting affidavit failed to establish the reliability of the unnamed informant. The motion was overruled and the evidence which was then admitted over objection led to appellants' convictions.

■ Under the Fourth Amendment to the United States Constitution and Va. Code Ann. § 19.1-85 (1960), a search warrant must describe with particularity the place to be searched. This means that, as a general rule, a search warrant directed against a multiple-occupancy building will be invalidated if it fails to specify the particular subunit to be searched. *Manley* v. *Commonwealth*, 211 Va. 146, 151, 176 S.E.2d 309, 314 (1970), *cert. denied*, 403 U.S. 936 (1971).

Here, the record does not establish that the building was a multiple-occupancy structure. It merely shows that Brown and Larson occupied the third floor apartment in a dwelling. There is nothing to show that any part of the building was owned or occupied by other persons. The warrant, of course, should have described the premises to be searched with the same particularity as did the affidavit. But in the face of a record that is silent as to the crucial question of the status of the building we are unwilling to hold that the warrant was overbroad and fatally defective.

■ We likewise find no merit in the contention that the affidavit failed to establish the reliability of the affiant-officer's informant. The affiant stated in the affidavit that, while the informant had not previously furnished to the police information concerning violations of the narcotics laws, he was steadily employed, was a registered voter, enjoyed a good reputation in his neighborhood and had expressed concern for young people involved with narcotics. The informant obviously was a citizen-informer whose reliability was adequately established. *See Guzewicz* v. *Commonwealth*, 212 Va. 730, 187 S.E. 2d 144 (1972), this day decided. Moreover, the police verified some of his information by their own personal observation.

On the record before us we find no error by the trial court in overruling the motion to suppress evidence.

*Affirmed.*