**UNITED STATES of America, Plaintiff,**

v.

**Charles BROOKS, Jr., Defendant.**

**Crim. No. 71–CR–142.**

United States District Court, E. D. Wisconsin.

Dec. 6, 1972.

D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

John D. Murray, Milwaukee, Wis., for defendant.

OPINION AND ORDER

REYNOLDS, Chief Judge.

The defendant Charles Brooks has been indicted for stealing mail in violation of Title 18 U.S.C. § 1708. He moves to suppress the introduction into evidence of a bag containing many pieces of mail that was seized by the Milwaukee Police at the time of his arrest on the ground that the seizure violated his rights under the Fourth Amendment. A hearing has been held on his motion, and briefs have been submitted. I am constrained to hold that under the Supreme Court interpretations of the Fourth Amendment, the police did not have probable cause to arrest defendant and that the evidence obtained through the illegal arrest must therefore be suppressed. In light of this holding it is not necessary to decide whether the seizure, made without a search warrant, was otherwise justified under the plain view doctrine despite the general rule that warrantless seizures are unlawful. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

On March 2, 1970, a U. S. Magistrate issued a warrant for defendant's arrest

on the basis of a complaint made by a postal inspector. The complaint read as follows:

"That on or about February 25, 1970, at Milwaukee, Wisconsin in the Eastern District of Wisconsin CHARLES BROOKS, JR. did steal, take and abstract from and out of an authorized depository for mail matter on the premises at 1018 North 15th Street, City of Milwaukee, Wisconsin, a letter addressed to George Haslem, 1018 North 15th Street, Apartment 7, Milwaukee, Wisconsin 53233; in violation of Title 18, Section 1708, United States Code of Laws.

"And the complainant states that this complaint is based on statement of Leo Levy who stated that on February 25, 1970 he personally observed the defendant, Brooks, reach into the mail receptacle and remove the letter described above."

On March 10, 1970, defendant was indicted by a grand jury, and on March 19, 1970 he was arrested on the authority of the warrant. His arrest occurred when a Milwaukee Police captain recognized defendant in his automobile. Knowing that defendant was wanted for federal mail theft, he contacted two police detectives and arranged to meet them where defendant's auto was parked. Upon their arrival, the two detectives approached defendant who was on the street outside his auto. In making the arrest the two detectives saw a torn bag of mail in plain view inside the auto. One detective then entered the auto and seized the bag, its contents, and other pieces of mail which he saw scattered around the auto.

■ Defendant contends the arrest warrant should not have been issued because the magistrate was not given any evidence which would indicate that Leo Levy, the alleged eyewitness, was reliable. The State does not suggest that the magistrate had before him any information other than that given in the complaint, and the complaint itself is based solely on Levy's alleged statement to the

postal inspector. When hearsay such as this is all that is offered to obtain a warrant, the Supreme Court has emphasized that the complaint must set forth some basis on which the magistrate can conclude that the informant was credible. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 206 (1971); Giordenello v. United States, 357 U.S. 480, 78 S. Ct. 1245, 2 L.Ed.2d 1503 (1958). This rule is designed to ensure that the magistrate will have sufficient information for an independent judgment that probable cause exists thereby implementing the long-standing principle that probable cause must be determined by a "neutral and detached magistrate" and not by an "officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1960).

In *Aguilar* and *Spinelli* the Court first held that when dealing with information provided by informants, the "totality of circumstances" approach to probable cause "paints with too broad a brush." *Spinelli*, 393 U.S. at 415, 89 S. Ct. at 588. The Court specified two requirements that must be met before probable cause can be established by such information. The magistrate must first have a factual basis for concluding that the informant obtained the information in a reliable way. Since the complaint alleged that the informant personally observed defendant taking a certain letter, that requirement was met. It is the second requirement—that the magistrate have a basis for concluding that the informant is himself reliable— that is the concern here. The relation between the two requirements was best explained by the late Justice Harlan in United States v. Harris, 403 U.S. 573, 592, 91 S.Ct. 2075, 2086, 29 L.Ed.2d 723 (1971) (dissent):

"The central point of the discussion of probable cause in *Aguilar* is, as

perhaps more precisely emphasized by our explicit twin holdings in *Spinelli*, see 393 U.S., at 416, 89 S.Ct. [584], at 589, that the two elements necessary to establish the informer's trustworthiness—namely, that the tip relayed to the magistrate be both truthful and reliable—are analytically severable. It is not possible to argue that since certain information, if true, would be trustworthy, therefore, it must be true. The possibility remains that the information might have been fabricated. This is why our cases require that there be a reasonable basis for crediting the accuracy of the observation related to the tip. In short, the requirement that the magistrate independently assess the probable credibility of the informant does not vanish where the source of the tip indicates that, if true, it is trustworthy."

The government insists that the *Aguilar* requirements apply only to unidentified informants who were common sources of information for the police and not to citizen-informants who are one-time witnesses to a crime. Though in *Aguilar* and *Spinelli*, the informants were not named in the complaint and may have been associated with the police in the past, the Supreme Court was concerned with the reliability of all those who provide information to the police on which an arrest is to be based. In his concurring opinion in *Spinelli*, Justice White explicitly applied the *Aguilar* requirements to the situation presented when the informant is named and was an eyewitness to the facts asserted. *Spinelli*, 393 U.S. at 424–425, 89 S.Ct. 584. Similarly in United States v. Harris, supra, the majority opinion applied the *Aguilar* requirements to information received from one who evidently had no prior contact with the police. United States v. Harris, supra, 403 U.S. at 575, 576, 91 S.Ct. 2075. The court upheld the defendant's conviction in that case because it found that the informant's reliability had been adequately established.

If the government asserts that no showing of the informant's reliability whatsoever is necessary as long as the informant claims to be an eyewitness and an ordinary citizen, then even some courts which have been less demanding toward citizen-informants would not accept their position. In State v. Paszek, 50 Wis.2d 619, 184 N.W.2d 836 (1971), for instance, the Wisconsin Supreme Court held that a "different rationale" existed for establishing the reliability of named citizen-informants as opposed to professional informants. Yet having explicated the reasons for that different rationale, the Court felt that some further showing of the informant's reliability was still necessary. In that case, verification of some details of the information the informant provided was held sufficient. See also Brown v. Commonwealth, 212 Va. 672, 187 S.E.2d 160 (1972). In Brown v. United States, 125 U.S.App.D.C. 43, 365 F.2d 976 (1966), on which the government relies, the District of Columbia Court of Appeals upheld the conviction of a defendant who was arrested moments after a robbery was reported on the basis of a description furnished by the victim of the robbery. Though no check of the victim's reliability was made, finding a car and a man matching the description in the immediate vicinity was surely some corroboration of the victim's reliability. That the informant was an alleged victim rather than a witness as well as the fact that the case was decided before the requirements of *Aguilar* were clarified in *Spinelli* further weaken its authority here.

To decide that the complaint must reveal some facts from which the magistrate could find that the informant was reliable does not decide this motion, however. The Supreme Court, along with many lower federal courts, has been increasingly willing to find adequate evidence in complaints from which the informant's reliability may have been inferred. See United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); see also United States v. Roman, 451 F.2d 579 (4th Cir. 1972). In *Harris*, for instance, the affi-

davit on which the warrant was issued showed that the accusation by the informant was a declaration against his own penal interest, and that the affiant had personal knowledge of defendant's reputation which corroborated the informant's accusation. On that basis the court reversed the Court of Appeals for the Sixth Circuit which had held that the affidavit was defective because it did not provide any direct evidence of the informer's reliability other than the affiant's conclusion that the informer was "prudent." Lower courts have also upheld warrants where the accusation of the informant was against some interest of his own. See e.g., DiRienzo v. Yeager, 443 F.2d 228 (3rd Cir. 1971); see also United States v. Harris, 403 U.S. at 593, 91 S.Ct. 2075, 29 L.Ed.2d 723, (dissent). Even showing in the complaint that the informant's statements were made in the presence of counsel has been a basis for finding reliability. State v. Jackson, 294 A.2d 517 (Conn. Sup.Ct. 1972).

██ ██ Of course, a complaint would suffice if the affiant stated that the informer had been reliable in the past. Corroboration of part of the informer's information by independent evidence would also be a basis for finding the requisite reliability. Interviewing the informant briefly when the information is received should usually produce data which, if layed before the magistrate, would justify issuing a warrant. Justice Harlan in *Harris* summarized the type of data which would be relevant:

" * * * [T]he agent surely could describe for the magistrate such things as the informer's general background, employment, personal attributes that enable him to observe and relate accurately, position in the community, reputation with others, personal connection with the suspect, any circumstances which suggest the probable absence of any motivation to falsify, the apparent motivation for supplying the information, the presence or absence of a criminal record or association with known criminals, and the like." United States v. Harris, 403 U.S. at 600, 91 S.Ct. at 2090 (dissent). See also Yantis v. State, 476 S.W.2d 24 (Tex.Cr.App.1972).

The complaint in this case, however, contains none of the information that has been used in other cases to indicate the informant's reliability. It even lacks the usual conclusory assertion of the affiant that his informant is "reliable," thereby leaving open the possibility that the affiant himself does not credit the information. That the informant's name is given is the only indication of his reliability. Even taking a less demanding approach because the informant is an ordinary citizen, merely naming him cannot satisfy the second requirement of *Spinelli*. Here the complaint, which does not give the informant's address, does not even indicate whether the police had any basis for believing that the informant gave his correct name. As far as the magistrate could tell, the entire complaint may have arisen from a momentary telephone call to the police by one who gave an erroneous or untraceable name. Preventing arrests made solely on a basis such as this has been a major effect of requiring some showing of the informant's reliability. As long as this requirement of *Aguilar* and *Spinelli* remains, I cannot find that the complaint here established probable cause.

Since the government does not argue that the police had additional information at the time they made the arrest, which had not been presented to the magistrate, the arrest cannot stand if the warrant is defective. The items seized from defendant's automobile were thus seized pursuant to an illegal arrest and must be suppressed.

It is therefore ordered that defendant's motion to suppress be and it hereby is granted.