## CIRCUIT COURT OF BEDFORD COUNTY

Commonwealth of Virginia

v.

Roger Dale Greenway

July 18, 1973

By JUDGE WILLIAM W. SWEENEY

The same issue raised in this case was raised on pre-trial motions by William Henry Jackson, a co-defendant. Both men were charged with a series of crimes involving breaking and entering residences at Smith Mountain Lake in Bedford County. The Court, after considering evidence and argument at a pre-trial hearing pertaining to the validity of a search warrant, overruled the motions to suppress and at a later trial by the Court, each defendant was found guilty as charged. The convictions were based principally on confessions of each defendant following the search of a residence in Roanoke where the stolen articles were found. Defense counsel maintained that the confessions were not admissible because of invalid search and seizure under a warrant. Specifically, the question is whether the affidavit sufficiently established the affiant-officers' informant and met the test of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *U.S.*, 393 U.S. 410 (1969).

Two officers, Deputy Jones and Deputy Foutz, of the Bedford Sheriff's department made oath that they had reason to believe that stolen articles were concealed in a certain residence in Roanoke. The articles alleged to be stolen from Judge Raflo's summer cabin at the lake were unique items such as "a Taxco 10 power telescope,

a PAT flashlight with siren and a picture of a ship made of colored strings." The unnamed informer was described in the affidavit as an individual who was "personally known by Deputy Sheriff R. E. Foutz and is of prudent character and has no criminal record." Both officers testified at the pre-trial hearing. Officer Jones stated that the magistrate asked, prior to issuing the warrant, if the informant was regularly employed and was advised that he was. According to Officer Foutz, the magistrate also inquired as to whether he, in fact, was personally acquainted with the informant and if the items which the informant saw when he went to the place of the search checked with the printed list of items stolen from the lake which list was in the Sheriff's office. In addition, at a later time Officer Foutz double checked on the information he had given about the informant's criminal record and verified such information as being correct. The affidavit further stated that the officers based their belief that the articles could be found on the premises on the following facts, "the informer went to the above address and saw the above items and was advised by the occupants of the dwelling that the items came from over on the lake in Bedford County."

Pursuant to the warrant, the officers searched the dwelling and in fact discovered the items listed on the affidavit which, it developed, were items stolen from a residence at the lake. The search occurred three or four days after the burglaries had occurred.

Prior to the search warrant being issued, the informant had *personally observed* the stolen items in the house. He overheard someone in the house say that the articles in question had come from the lake in Bedford County. He relayed this information to Officer Foutz who, in his presence, checked the information against a written list of stolen items which were unique in kind and found that the reported items were on the list. This information, along with other facts, was reported to the magistrate who, after asking several questions, made a judicial ruling that probable cause existed sufficient to justify the issuance of the search warrant. The stolen items were recovered several days after the burglaries and the defendants later confessed to a number of crimes involving the stolen goods. I feel that the Fourth Amendment requirements were satisfied here.

As the Virginia Supreme Court stated in *Brown and Larson* v. *Commonwealth,* 212 Va. 672 (1972), the informant obviously was a citizen-informer whose reliability was adequately established. See *Guzewicz* v. *Commonwealth,* 212 Va. 730 (1972). Prior to the affidavit being prepared, the officers verified the informant's information by checking the list of articles in their department which list contained detailed descriptions of articles recently stolen from the lake. The *Brown* case above commented upon the importance of prior police verification under the facts of that case.

As the Court stated in *Guzewicz* v. *Commonwealth, supra,* a citizen-informer's reliability is more easily established than that of a professional informer seeking immunity. The hearsay information may be used in weighing the sufficiency of the affidavit if such hearsay is supportive of other information in the affidavit. See *Spinelli* v. *United States,* 393 U.S. 410 (1969).

While it would have been preferable for the underlying facts to have been stated with more detail in the affidavit, the magistrate had sufficient reliable information before him to establish probable cause and justify issuance of the warrant. Most important is that he had sworn information that the informant had gone to the Roanoke location and personally observed the stolen items. He had observed them well enough that he later identified such items on a stolen property list in the possession of the sheriff's department. These items were unusual in nature and not run-of-the-mill contraband which might pose an identification problem. All this was done shortly after the burglaries had occurred and before the search warrant was issued.

While it was not clear from the evidence as to what other items not listed on the warrant were seized in addition to those listed, and while none of the articles were introduced into evidence, it is stated at 68 Am. Jur. 2d, *Searches and Seizures,* § 85, p. 740: "Thus, if a scope of a search is justified, any material evidence discovered may properly be seized, even if it is not the item for which the officer is searching. An officer need not close his eyes to one form of contraband merely because he is searching for another."