Ken BOWMAN et al.,
Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE, an unincorporated association, et al.,
Defendants.

No. 4–75–Civ–551.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 7, 1975.

Lindquist & Vennum, Edward Glennon, Edward J. Parker and Mark R. Johnson, Minneapolis, Minn., Bowman & Lingl, Ken Bowman, DePere, Wis., for plaintiffs.

Faegre & Benson, John D. French and James B. Loken, Minneapolis, Minn., for defendants National Football League and Commissioner.

Covington & Burling, James C. McKay and Paul J. Tagliabue, Washington, D. C., for 26 member teams.

Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Irving R. Brand, Minneapolis, Minn., for Minnesota Vikings.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiffs, professional football players unemployed because of folding of the World Football League (WFL), seek in this class action anti-trust case to enjoin the National Football League (NFL) and its member teams from a claimed boycott against hiring them to play football for NFL teams during the remainder of the 1975 season. The immediate issue is whether to issue a requested temporary injunction pending trial.

When it appeared probable that WFL would cease operations and occasion personnel problems in the administration of the NFL, representatives of the NFL teams met on September 16, 1975, and adopted a resolution expressive of NFL policy governing the hiring of former WFL players. It read:

> RESOLVED, for 1975 only, that any player who has been under a 1975 contract as a player or coach in another major professional football league may not sign with an NFL club for 1975. The foregoing provision shall not apply to players who are without any further contractual obligation within such league and whose club or league ceases to operate. In no event may any such player be signed for 1975 play after the cessation of intraconference trading at 4 p. m. Eastern Time Tuesday October 28.

The effective cut-off date for the hiring of former WFL players fixed by the resolution as October 28, 1975 later was moved up to October 24, 1975 by a socalled "edict" announced by NFL Commissioner Pete Rozelle.

Plaintiffs, who played for the Honolulu Hawaiians, Chicago Winds, and for other WFL teams, are now unemployed and claim the action of the NFL and Commissioner Rozelle in barring them from trying out with NFL teams is discriminatory against former WFL players, pointing out there is no similar restriction against other unemployed and unattached players who had not played in the WFL. They argue defendants' actions constitute an illegal boycott and an unjustified exercise of monopoly power by the only professional football league in the United States which can furnish them employment. They contend defendants' actions violate the Sherman and Clayton Acts. Plaintiffs seek to represent a class of all former WFL players similarly situated, that is, all former WFL players not now under contract to a WFL team.

A hearing was held on November 5, 1975. Testimony and affidavits were received, briefs lodged, and arguments heard. The court has jurisdiction. 28 U.S.C. § 1337. There is no dispute as to the facts.

NFL Commissioner Pete Rozelle testified at the hearing and said the action of the defendants was taken to prevent threatened litigation by a WFL franchise holder if former WFL players were engaged and also so as not to disturb the competitive balance between the NFL teams in midseason. He also said many of the WFL players had formerly played in the NFL and there are contract rights to them in some NFL clubs and that

working out the claims of these clubs would be a difficult and time-consuming job, especially if undertaken in mid-season.

Plaintiffs make out a good case for a class action temporary injunction.

First as to the class action motion, the court finds the members of the suggested class are so numerous, between 250 and 300, that joinder of all is impracticable and there are questions of law and fact common to the class, the claims of the named plaintiffs are typical of the claims of the class, the named plaintiffs will fairly and adequately protect the interests of the class and the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure are satisfied.

The court therefore determines, in response to the direction of Rule 23(c)(1), that the class action may be maintained and the class shall be all former WFL professional football players not now under contract to any WFL football team or to owners of WFL football teams and the title of the action is amended accordingly by adding the class as plaintiffs.

Next as to the motion for a temporary injunction, the court finds it is likely that plaintiffs will prevail on the merits, that is, that plaintiffs can show that defendants are (a) engaging in and utilizing the instrumentalities of interstate commerce, a fact not disputed, and (b) that defendants are combining and conspiring to restrain competition for the services of plaintiffs by their agreement prohibiting any defendant team from signing any plaintiff and that such conspiracy has as its object the deprivation of plaintiff's rights to freedom of contract; or to put it otherwise, that plaintiffs can show at trial that defendants are conducting a concerted boycott against former WFL players.

This likely showing would appear to justify the legal conclusion that the antitrust laws are being violated. 15 U.S.C. §§ 1–7, 15 U.S.C. §§ 12–27. *See Klor's Inc. v. Broadway-Hale Stores, Inc.*, 359 U.S. 207, 79 S.Ct. 704, 3 L.Ed.2d 741 (1959); *Fashion Originators' Guild v. FTC*, 312 U.S. 457, 61 S.Ct. 703, 85 L.Ed. 949 (1941). *See also Blalock v. Ladies Professional Golf Association*, 359 F. Supp. 1260 (N.D.Ga.1973), *Denver Rockets v. All-Pro Management, Inc.*, 325 F. Supp. 1049 (C.D.Calif.1971), and *Haywood v. National Basketball Assn.*, 401 U.S. 1204, 91 S.Ct. 672, 28 L.Ed.2d 206 (1971).

There has been a substantial showing that if a preliminary injunction is not granted, plaintiffs will suffer irreparable harm, not compensable in terms of damages, and that the court's capacity to do justice will thereby be rendered futile. Plaintiffs are unemployed but qualified professional football players who are prevented from seeking and obtaining employment in their chosen field by the concerted action of defendants, to their financial, physical and professional detriment.

It has not been shown that defendants will suffer irreparable injury if the preliminary injunction is granted, or at most, it has not been shown that probable injury to defendants would be as great if the preliminary injunction is granted as it would be to plaintiffs if the injunction is not granted.

The public interest is not harmed, and well may be advanced, by the grant of a preliminary injunction. Professional sports and the public are better served by open unfettered competition for playing positions.

On the basis of these findings, the court concludes that plaintiffs are entitled to a preliminary injunction.

Therefore, until hearing on the merits, or until midnight November 26, 1975, at all events, defendants are enjoined (a) from taking any action prohibiting, discouraging or preventing plaintiffs from contracting for their professional services with member NFL clubs and (b)

from taking any action prohibiting, discouraging or preventing member NFL clubs from contracting with plaintiffs for such services.

Bond is fixed at $10,000. Defendants may move for a larger bond if so advised.