355 So.2d 1208 (1977)
Harold BUTLER, Tom Byrnes, Joseph Destafano, Bruce Engel, Michael Petz, Peter Prior, Samuel Ramputi, Barry Schwartz, Martin C. Fay and the Sunrise Fire Fighters Association Local Union No. 2293, Appellants,
v.
John LOMELO, Jr., Mayor of the City of Sunrise Florida, John Komasa, Chief of the City of Sunrise Fire Department, Cecil Shine, Prentiss Whiting and Lawrence Hoffman, Councilmen of the City of Sunrise, Florida, and the City of Sunrise, a Florida Municipality, Appellees (Two Cases).
City of Sunrise, a Florida Municipality, Appellant,
v.
Harold Butler, Tom Byrnes, Joseph Destafano, Bruce Engel, Michael Petz, Peter Prior, Samuel Ramputi, Barry Schwartz and Martin C. Fay, Appellees.
Nos. 75-2093, 75-2303 and 76-89.
District Court of Appeal of Florida, Fourth District.
November 9, 1977.
On Rehearing December 28, 1977.
*1209 Robert A. Sugarman, Howard S. Susskind and Joseph Segor of Kaplan, Dorsey, Sicking & Hessen, P.A., Miami, for Harold Butler et al.
Arthur B. Parkhurst and H. Mark Purdy of Parkhurst, LaHurd & Purdy, P.A., Fort Lauderdale, for City of Sunrise et al.
LETTS, Judge.
This case comes by way of an appeal by eight firemen claiming that they were "furloughed" by the city without a proper hearing thereby suffering a denial of due process. The trial judge denied all claims for equitable relief. The city is also appealing the jury verdict awarding damages for mental anguish to the firemen, and the appeals have been consolidated.
We affirm in part and reverse in part.
We see nothing in the record to justify a reversal of the trial judge's decision not to issue an injunction and not to grant the application for declaratory relief.
We have recently held that mere loss of employment is not a sufficient predicate for injunctive relief and cannot find the trial judge to be in error for holding likewise. State of Florida Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977).
As to the declaratory judgment prayed for by reason of lack of due process, we see no abuse of discretion because the court below denied same. The Supreme Court of the United States has held that in order for a Federal court to entertain a declaratory judgment petition on constitutional issues, the proper enquiry is to determine whether a controversy still exists at the time the action is disposed of rather than at the time the petition is initiated. Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). Applying this rationale to the case at bar, we note that by the time of trial all the remaining plaintiffs had secured alternative employment, so that the wrongs alleged at the time the suit was filed, for which the plaintiffs were compensated by a jury money verdict, have become moot. See also H.D. Garner v. DeSoto Ranch, Inc., 150 So.2d 493 (Fla. 2nd DCA 1963); and Florida Hotel and Restaurant Commission v. Marseilles Hotel Co., 84 So.2d 567 (Fla. 1956).
Based on the foregoing, we affirm the denial of equitable relief without considering any other of the points raised.
Turning now to the question of the jury verdict, the record reflects that several of the awards exceeded the actual or compensatory damages because of an instruction to the jury that the plaintiffs were entitled to recover damages for their "mental distress, embarrassment and public humiliation."
The law in Florida is crystal clear that damages for mental anguish are not available absent physical injury or unless the conduct complained of clearly exhibits wantonness, wilfulness or malice. Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974). It is true that this very court held otherwise in that same case, at our lower level, but we were sharply reprimanded for so holding and were reversed. As late as this year the Florida Supreme Court has reaffirmed its stand on this issue in Butchikas v. Travelers Indemnity Company, 343 So.2d 816 (Fla. 1977).
In the case now before us we can perceive no wantonness or malice, express or implied, in the actions of the city council, nor did any physical injury result. Because of an economic crisis, the city cut its work force in many departments of which the fire department was but one. The men selected for furlough were chosen unanimously by all the ranking officers of the fire department after several hours oral and written evaluation.
The record of the subsequent appeal hearing before the city council does not reveal the presence of any wantonness or malice of the kind that would support punitive damages; also none were prayed for in the complaint and no instruction on wantonness or wilful conduct given to the jury. The hearing was far from a model of good municipal procedure and decorum, and the participants on both sides were occasionally *1210 petulant and quarrelsome. Throughout, however, the city attorney repeatedly beat the same drum of which the following is but one example:
And I am saying to you (the council) that in my opinion  and I am not always right  but in my opinion I feel that the only thing that you can do is to release these men's records to the individual. I feel that if any individual of the fourteen would like to come back before this City Council at a regular meeting or special meeting set by the Council  if he wants his record to be made public, and wants you and everybody else to consider it  that you accord him this right. If he is to be represented by counsel, of course, he is accorded that right, or you can make your decision this evening predicated upon the recommendations of the personnel in your own Fire Department. That is your decision to make. But I would not counsel you to release any information regarding any individual except to the individual himself and then he can consult with his attorney as to whether he wants that information released. I am not going to see you people get trapped into a libel or slander suit.
Apparently there was adverse information on some of the furloughed men in their employment records and evaluation sheets, hence the city's reluctance to produce them in public prior to individual written consent. This refusal to produce, publicize or debate the contents of the evaluation reports and personnel records at that hearing constitutes the gravamen of the lack of due process charge. Such refusal may or may not have been the proper way to handle that particular hearing; however, we see no evidence of deliberately wilful or spiteful conduct by the council, or its attorney, which would warrant punitive damages, nor was the case presented to the jury on that basis. This being so, the instruction on mental anguish was erroneous under the Supreme Court ruling in Butchikas, supra and Gilliam v. Stewart, supra.
Reversed and remanded for the purpose of having the court modify the final judgment so as to reflect only actual compensatory damages to the eight men to whom the jury awarded a verdict. These compensatory damages appear to be adequately demonstrated in the record of the trial.
MOUNTS, MARVIN U., Associate Judge, concurs.
ANSTEAD, J., concurs in part and dissents in part, with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
I agree with the majority opinion except that I do not feel we can direct the trial court to determine the amount of "actual" compensatory damages. That is an issue for the jury and requires a new trial.

ON PETITION FOR REHEARING
LETTS, Judge.
The petition for rehearing is hereby granted and the final paragraph of the previous opinion is cancelled and the following substituted.
Reversed and remanded for a new trial on the issue of "actual" compensatory damages.
ANSTEAD, J., and MARVIN U. MOUNTS, Jr., Associate Judge, concur.