360 So.2d 434 (1978)
Arlene D. JENNINGS and Jennings Construction Corporation, a Florida Corporation, Appellants,
v.
PERRINE FISH MARKET, INC., a Florida Corporation, Claude E. Shull and Mildred S. Shull, Appellees.
No. 77-2426.
District Court of Appeal of Florida, Third District.
June 13, 1978.
Rehearing Denied July 28, 1978.
*435 Bartel & Shuford and Judy D. Shapiro, Miami, for appellants.
Scott T. Eber, Miami, for appellees.
Before HAVERFIELD, C.J., BARKDULL, J., and PARKER, J. GWYNN (Ret.), Associate Judge.
PER CURIAM.
Plaintiff property owners in this private nuisance action appeal an order denying their motion for preliminary injunction seeking to enjoin the customers of the defendants, adjoining property owners, from parking their cars in plaintiffs' parking lot.
Defendants, Perrine Fish Market, Inc. and the owner/operators Claude and Mildred Shull own property adjacent to that of the plaintiffs, Arlene Jennings and Jennings Construction Corp., the prime tenant in the Jennings office building. In front of plaintiffs' building is a parking lot, whereas defendants have no parking facilities on their property but do provide such facilities for their customers across the street. Nevertheless, a large number of defendants' customers use plaintiffs' parking lot for convenience, often creating a shortage of parking spaces for plaintiffs' customers and tenants. Alleging a loss of established tenants and business as a result, the plaintiffs filed the instant complaint for damages and a permanent and temporary injunction seeking to enjoin the above interference of the use of their property. After a hearing, the chancellor denied their motion for a preliminary injunction. We affirm.
In view of the particular facts presented in each case, the determination to grant or deny an application for temporary injunction relief rests within the sound discretion of the chancellor guided by established rules of the principles of equity jurisdiction. Muss v. City of Miami Beach, 312 So.2d 553 (Fla. 3d DCA 1975). Further, the issuance of a temporary injunction is an extraordinary and drastic remedy which should be granted sparingly and with caution only after the moving party has proven sufficient facts entitling it to relief. Bemas Corporation v. City of Jacksonville, 298 So.2d 467 (Fla. 1st DCA 1974).
Reviewing the facts in light of the above principles of law, we find the chancellor did not abuse his discretion in denying the plaintiff's motion for a temporary injunction. This affirmance, however, is in no way to be construed as a decision on the merits of the case.
Affirmed.