375 So.2d 57 (1979)
DANIA JAI ALAI INTERNATIONAL, INC., a Florida Corporation, Appellant,
v.
Luis MURUA, Appellee.
No. 79-450.
District Court of Appeal of Florida, Fourth District.
September 26, 1979.
Wm. R. Dawes of Bailey & Dawes, Miami, for appellant.
Ronald C. Dresnick of Dresnick & Freeman, Miami, for appellee.
BERANEK, Judge.
This is an interlocutory appeal by the defendant from the trial court's grant of plaintiff's request for a temporary mandatory injunction. Plaintiff filed a complaint alleging he was a professional athlete employed to play jai alai at the defendant's fronton, Dania Jai Alai International. He alleged his employment contract had been breached in that he had been fired without just cause. He further alleged that as a result of the firing he was unable to find *58 employment because all other jai alai frontons in the country had already hired their players for the season. He also asserted he was facing deportation to his home country, Spain, because employment was a condition of his visa in the United States.
A hearing on his request for a temporary mandatory injunction occurred at which only he testified. The trial court granted a mandatory injunction and ordered his immediate reinstatement with back pay. We reverse.
State, Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977), states the essential criteria for a temporary mandatory injunction as (1) irreparable harm, (2) a clear legal right, (3) an inadequate remedy at law, and (4) consideration of public interest. Generally, a temporary injunction is an extraordinary remedy and will be granted sparingly only after the moving party has alleged and proven facts entitling it to relief. Jennings v. Perrine Fish Market, Inc., 360 So.2d 434 (Fla. 3d DCA 1978). In State, Department of Health and Rehabilitative Services v. Artis, supra, this court held that mere loss of income does not constitute irreparable injury. In Butler v. Lomelo, 355 So.2d 1208 (Fla. 4th DCA 1977), we held that loss of employment is not a sufficient predicate for injunctive relief. Generally, breach of an employment contract gives rise to a cause of action for damages for breach of the contract. It is only in exceptional circumstances that equity will intervene to force reinstatement of the employee prior to a decision on the merits of the contract dispute. We conclude that such circumstances are not presented here.
A great deal of argument has been made on appeal about professional athletes and their desires and aspirations to continue their rise to superstardom in the athletic world. We are advised in appellee's brief of many considerations applicable to professional athletes such as the nature of jai alai and necessity for playing in every season. We recognize that damages sustained by professional athletes may in special circumstances encompass much more than mere loss of income. Under such circumstances and where the facts are properly alleged in a complaint, irreparable injury might be shown and injunctive relief granted. See Linseman v. World Hockey Association, 439 F. Supp. 1315 (D.Conn. 1977); Denver Rockets v. All-Pro Management, Inc., 325 F. Supp. 1049 (C.D.Cal. 1971), and Bowman v. National Football League, 402 F. Supp. 754 (D.Minn. 1975).
The problem with the instant case is that the complaint makes no allegations which would support much of the argument on appeal. The complaint merely alleges breach of an employment contract. Although the complaint does allege plaintiff is a professional athlete, we cannot, and the defendant need not have, assumed all of the many intricacies and special circumstances which we are now asked to indulge in favor of professional athletes. The granting of a mandatory temporary injunction requires a clear legal right, free from reasonable doubt. F.E.C. Railway Co. v. Taylor, 56 Fla. 788, 47 So. 345 (1908). Rule 1.610 Fla.R.Civ.P. governs injunctions and requires that no temporary injunction be granted until a complaint therefor is filed. The complaint herein simply did not contain the allegations necessary to show irreparable injury. The special circumstances argued on appeal to show irreparable harm do not have a basis in the complaint and should not have been considered by the trial court. The trial court erred in granting the injunction and same is hereby dissolved and the cause remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ANSTEAD and LETTS, JJ., concur.