PER CURIAM.
Defendants appeal an order granting plaintiffs motion for emergency temporary injunction and appointing a receiver. We reverse.
Plaintiff Jet International Cuisine, Inc., operates the “Cajun & Grill” fast food restaurant at Miami International Mall. Cajun & Grill of International Mall, Inc. [CGI] leases the premises from the Mall. Cajun & Grill of America, Inc: [CGA], a corporation wholly owned by Hoi Sang Yeung, franchises the “Cajun & Grill” name.
Plaintiff alleges that it entered into a shareholder agreement establishing it as a CGI partner along with Yeung and CGA. The agreement purportedly assigned plaintiff 40% of CGI’s shares, and provided for distribution of profits.
After receiving no profits, and learning that it would be evicted from the Mall, plaintiff sued CGA and Yeung [collectively “defendants”] seeking damages for conversion, breach of contract, accounting, and constructive trust. CGI was not a party to the lawsuit. Plaintiff later amended its complaint to seek injunctive relief, and filed a verified motion for an emergency temporary injunction to avoid ouster from the premises. The trial court granted the injunction and appointed a receiver to maintain control over the restaurant. Defendants appeal.
To establish the right to preliminary injunctive relief a plaintiff must demonstrate: (a) that irreparable harm will result *802 absent the requested injunctive relief, and there is no adequate remedy available at law, (b) that it has a substantial likelihood of success on the merits, (c) that the threatened harm to plaintiff outweighs any possible harm to the defendants, and (d) that the granting of the preliminary injunction will serve the public interest. Sanchez v. Solomon, 508 So.2d 1264, 1265 (Fla. 3d DCA 1987); Graham v. Edwards, 472 So.2d 803, 806 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla.1986). Plaintiff has not met its burden of establishing all of the requisite criteria. There is no evidence on the record to demonstrate that plaintiff lacks an adequate remedy at law, nor is there any evidence of irreparable injury. The relief plaintiff seeks in its complaint can be granted by the court without resort to the extraordinary remedy of an injunction. Jennings v. Perrine Fish Market, Inc., 360 So.2d 434 (Fla. 3d DCA 1978). Despite plaintiff’s allegation that it is facing a threat of eviction, plaintiff has not demonstrated that it is a leaseholder of the premises or that it will suffer irreparable harm if removed from the premises. Compare Lingelbach’s Bavarian Restaurants, Inc. v. Del Bello, 467 So.2d 476, 479 (Fla. 2d DCA) (lessee under threat of eviction during pendency of suit for specific performance of lease’s purchase option warrants injunction), review denied, 476 So.2d 674 (Fla.1985). Moreover, we are unable to discern how the injunction at issue here will serve the public interest.
Based on the foregoing reasoning, we reverse the order and remand the case with instructions to dissolve the injunction and discharge the receiver.
Reversed and remanded.