## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Flordelino C. Lagundino

April 19, 1995

Case No. CF95-13

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether evidence seized during a search of the defendant's medical facility should be suppressed.

### *Facts*

Late on September 28, 1994, two law enforcement officers and an assistant attorney general appeared before one of the judges of this court in Bowling Green and requested issuance of a search warrant for the defendant's medical office at 4105 Lafayette Boulevard. The officers presented a lengthy affidavit, explained the circumstances, and responded to a few questions posed by the judge. The judge issued the warrant. The affidavit was sealed and delivered by the judge to the clerk of this court the next morning, September 29, 1994.

Meanwhile, the officers executed the search warrant. On September 30, 1994, the officers filed the warrant and an inventory of the seized property with the clerk. (The fact that the officers first took the executed warrant and inventory to the Fredericksburg Circuit Court is of no consequence. They retrieved the papers the same day and filed them properly in this court.)

A Spotsylvania County grand jury indicted the defendant on 98 charges on January 17, 1995. The indictments involve distribution of prescription

drugs not for medical or therapeutic purpose or need, false claims for Medicaid payments, and related offenses.

The defendant was arraigned and entered pleas of not guilty. He filed a motion to suppress evidence, primarily medical records, seized from his office during the search. An evidentiary hearing on the motion was held on March 22, 1995. Counsel later submitted memoranda. This opinion addresses the defendant's motion.

### Sealing the Affidavits

The first ground of the defendant's motion to suppress is that the affidavit upon which the search warrant was based was unlawfully sealed.

In Virginia, a search warrant can be issued only upon an affidavit presented to the issuing judicial officer "alleging briefly material facts constituting probable cause for the . . . warrant and alleging substantially the offense in relation to which such search is to be made and that the object, thing, or person searched for constitutes evidence of the commission of such offense." When the search warrant is issued, the judicial officer certifies and delivers the affidavit to the clerk of the circuit court where the search is made. This must be done within seven days. The clerk then preserves the affidavit as a record open to public inspection and indexes it on an index that the clerk maintains "to facilitate inspection." However, an affidavit may be temporarily sealed by the court upon application of the attorney for the Commonwealth for good cause shown in an ex parte hearing. Virginia Code § 19.2-54.

The defendant contends that the affidavit could not be sealed because it was not requested by an "attorney for the Commonwealth." He argues that this statutory phrase is synonymous with the language used in Article VII, Section 4, of the Constitution of Virginia which refers to locally-elected Commonwealth's Attorneys. The Commonwealth points out that the Attorney General has authority to prosecute some crimes in the circuit courts (e.g., § 2.1-124) and hence, it argues, has authority to gather evidence in connection with such prosecutions.

The court agrees with the Commonwealth. There is no plausible rationale for interpreting the search warrant statutes so narrowly that only the Commonwealth's Attorney for the locality where the search is conducted may request that the affidavit be sealed. If the Attorney General can institute and prosecute these charges (or, at least those related to Medicaid fraud), surely attorneys of that office are "attorneys for the Common-

wealth" for the purpose of requesting search warrants and sealed affidavits related to the charges being prosecuted.

Even if the term should be construed narrowly so that only the local Commonwealth's Attorney may request sealed affidavits for search warrants, the noncompliance is *de minimis* and deprives the defendant of no constitutional rights. Here, the local Commonwealth's Attorney is obviously participating in the prosecution. He presented the charges to the grand jury, he appeared at the arraignment, and he was present at the evidentiary hearing on this motion. From all appearances, the actions being taken by the assistant attorney general in this matter have the sanction and cooperation of the local Commonwealth's Attorney, and no evidence to the contrary has been presented.

Next, the defendant argues that the affidavit should not have been sealed because there was no "ex parte hearing." Clearly, there was an ex parte hearing. It was conducted in the judge's office in Bowling Green and led to the issuance of the search warrant. Because the judge left that hearing with a sealed affidavit and delivered it to the clerk with instructions that it remain sealed, one can only assume that the sealing was requested during the ex parte hearing. The only other available assumption, an improper one, is that the judge took it upon himself to seal the affidavit. The judge is presumed to have acted in compliance with the statute. There being no evidence to the contrary, the court finds that the affidavit was sealed upon request and for good cause shown in compliance with the statute.

If the defendant means to suggest that the judge must conduct an ex parte hearing separate and distinct from the ex parte hearing for issuance of the search warrant, the suggestion puts form over substance. To hold that the ex parte hearing required by § 19.2-54 for sealing an affidavit must involve some particular degree of formality or must follow some particular format would be wholly inconsistent with the very notion of an ex parte hearing.

Therefore, the defendant's contention that the affidavit should not have been sealed is without merit.

### Filing the Affidavit

The defendant argues that the affidavit was not properly filed in the clerk's office. In this regard, he says that the affidavit was given to the clerk by the judge and that the clerk put the affidavit in her "private office" so that it was not a "record." Further, he says, the clerk did not index the affidavit, as the statute provides. While acknowledging that the

court has authority to seal an affidavit, which it did in this instance, the defendant nevertheless asserts that the clerk must comply with the provisions of § 19.2-54 with respect to filing and indexing.

A paper is "filed" when it is delivered to the proper officer and received by that officer to be kept in the place where records and papers are maintained. A paper is "filed with the clerk" when it is delivered to the clerk.

Here, the judge delivered the affidavit to the clerk at the clerk's office and directed that it be sealed. The clerk enclosed the affidavit, stamped it, and placed it in a file in her office. Thus, the affidavit was "filed." (Reference to the clerk's "private office" as the location of the affidavit is somewhat misleading. Although the clerk's personal office is not shared with other members of her staff, it is hardly "private" anymore than other areas of the clerk's office that are not generally accessible to the public.)

The fact that the affidavit was not placed in the same file with other search warrants and affidavits does not mean that it was improperly filed or that it was not maintained as a "record" in the clerk's office. It is undisputed that the affidavit was at all pertinent times in the custody of the clerk and located within the clerk's office, the place where records are maintained.

The failure of the clerk to index the affidavit does not violate the statute. Section 19.2-54 requires indexing "in order to facilitate inspection." Sealed affidavits are not open to inspection. It was proper for the clerk to delay indexing while the affidavit was temporarily sealed.

There is nothing about the handling of the affidavit that implicates the defendant's constitutional rights or that fails to comply in any significant respect with the filing requirements of § 19.2-54.

In any event, the affidavit was made available to the defendant on February 7, 1995 (the day of his arrest), several weeks before he was arraigned and more than four months prior to his scheduled trial.

### Sufficiency of the Affidavit; Probable Cause

Finally, the defendant contends that the affidavit was defective and insufficient so that the issuing judge had no reasonable basis for determining probable cause.

The Fourth Amendment of the United States Constitution and Article I, § 10, of the Constitution of Virginia prohibit unreasonable searches and seizures. There is no constitutional prohibition against searches without warrant, but the general rule is that law enforcement officers must, whenever practicable, obtain advance judicial approval of searches and seizures

through the warrant procedure, and in most instances failure to comply with the warrant procedure is excused only in exigent circumstances. The warrant procedure is governed by statute. Virginia's search warrant procedure is found in § 19.2-52 et seq. A search warrant may issue only upon probable cause determined from the statements in an affidavit filed with the issuing officer. Section 19.2-54.

General warrants are abolished. The affidavit must reasonably describe the place, thing, or person to be searched. The defendant alleges that the affidavit fails to do that.

The affidavit describes the place to be searched as "the medical office of Dr. Flordelino C. Lagundino located in Fredericksburg, Virginia." At another place in the affidavit, the address of the defendant's medical office is listed as "Urgent Care Center, Lafayette Boulevard, Fredericksburg, Virginia"; and, at yet another place, the address given is "Urgent Care Center on 4105 Lafayette Boulevard, Fredericksburg, Virginia."

The argument that "medical office" is too broad is rejected. There is nothing in the evidence to suggest that the defendant's medical office is a sub-unit located in a much larger structure that contains other units occupied by innocent persons. See, e.g., *Manley v. Commonwealth*, 211 Va. 146 (1970); *Brown v. Commonwealth*, 212 Va. 672 (1972). Further, the affidavit specifically named the occupant (the defendant) of the place against which the warrant was directed, thereby eliminating the possibility of confusion or improper intrusion upon the privacy of others. In addition, the affidavit specified "Urgent Care Center," which provided more particularity and definiteness.

The fact that the address was listed in the affidavit as "Fredericksburg" does not invalidate the affidavit when that reference is considered in conjunction with the address specified as "4105 Lafayette Boulevard." Use of the medical office's mailing address instead of its geographical situs (Spotsylvania County) is not confusing or misleading because the affidavit clearly identifies the street address at which the medical office is located, the name of the medical office, and the name of the occupant of the medical office.

Therefore, the court is of the opinion that the affidavit properly identifies the place to be searched.

Next, the defendant contends that the facts alleged in the affidavit are stale, so that no probable cause existed for the warrant at the time it was issued.

The defendant is correct that probable cause for the search must exist at the time the warrant is issued. Thus, the affidavit must allege facts from which the issuing officer can make that determination. If the affidavit only recites facts that are too remote to furnish probable cause for the warrant, the warrant is not valid.

Most of the cases that address stale evidence involve illegal drugs, stolen property and the like that were spotted at a place occupied by the defendant at a time too remote to provide the issuing officer with a reason to conclude that those things were still there when the search warrant was requested. In contrast, this case involves allegations of continuing criminal activity at the place to be searched and, more important, it involves papers (medical records) kept in the ordinary course of business that are of such a nature that the issuing officer could reasonably assume that the papers would still be there at the time the warrant was issued. See, e.g., *Turner v. Commonwealth*, 14 Va. App. 737 (1992).

Under the circumstances, the evidence presented to the judge in the affidavit was not too remote. Taking the affidavit as a whole, the material facts recited in it provided a sufficient basis for a determination that probable cause existed at the time the warrant was issued.

The defendant also claims that the information given to the affiants by third persons is not sufficient to establish probable cause.

The persons who provided much of the information to the law enforcement officers contained in the affidavit were not anonymous tipsters or informants. Some of them were pharmacists who had made unsolicited complaints about the defendant's alleged misconduct. Others were patients of the defendant. Statements given to the officers by those persons, named in the affidavit, combined with facts learned by the officers as a result of their ongoing investigation of the defendant's activities, all of which are adequately described in the affidavit, establish the reliability of the underlying information, the credibility of the persons identified in the affidavit, and the requisite material facts for a finding of probable cause.

## Conclusion

For the reasons explained, the court is of the opinion that the affidavit was properly sealed and filed and that the search warrant was properly issued upon a sufficient showing of probable cause.

Accordingly, the motion to suppress will be denied.