Richmond

## JOE NATHAN ROBINSON

### v.

## COMMONWEALTH OF VIRGINIA

November 22, 1978.

Record No. 780201.

Present: All the Justices.

*Sa'ad El-Amin (Sa'ad El-Amin and Associates,* on brief) for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief) for appellee.

PER CURIAM.

Joe Nathan Robinson was tried by a jury and found guilty of possession of cocaine, possession of amphetamines, and possession of marijuana with intent to distribute. The trial court entered judgment on the verdicts, sentencing Robinson to a total of sixteen years in the State Penitentiary and payment of a fine of $5,000. We granted him a writ of error limited to the question whether the search warrant, under which police officers searched Robinson's residence and seized the controlled drugs and drug paraphernalia that were introduced into evidence against him, described the searched premises with particularity as required by the Fourth Amendment.

The affidavit for the search warrant was executed by Detective F. Washington of the Richmond Police Department, based upon information received from a reliable informant that a black male known as Johnny was storing and distributing cocaine at "5755

Westover Hills Village", in the City of Richmond, "south of the James". The search warrant, issued by a magistrate, authorized Detective Washington or any other police officer to search "5755 Westover Hills Village, Richmond Virginia" for cocaine. Detective Washington executed the return on the search warrant listing the articles in possession of "Jonathan Robinson" that were seized in the search of "5755 Westover Village Dr." This contraband, introduced into evidence at trial, was essential to Robinson's convictions.

The trial court conducted a hearing on Robinson's motion to suppress the evidence seized in the search. At this hearing Robinson adduced evidence that his correct address at the time of the search was 5755 Westover Village Drive, that he was not present when the premises were searched, and that he was called Joe or Robby but not Johnny. He introduced into evidence as an exhibit a street map on which four streets whose names included the word "Westover" were shown within the corporate limits of Richmond. One, Westover Street, was north of the James River. Three, Westover Garden, Westover Hills Boulevard, and Westover Village Drive, lay on the south side of the James. There was no street named Westover Hills Village.

Robinson testified that his name was Joe Nathan Robinson, rather than Jonathan Robinson, and that he was not known as Jonathan. However, a receipt which he introduced into evidence was made out to Jonathan Robinson, and Robinson conceded that his name was frequently misspelled in that manner.

At the conclusion of the hearing, at which the Commonwealth introduced no evidence, the trial court took under advisement the question whether the erroneous description of Robinson's premises invalidated the search warrant. Subsequently, the court concluded that the warrant was valid and overruled the motion to suppress the evidence seized pursuant thereto.

 The Fourth Amendment to the United States Constitution requires that a search warrant "particularly" describe the place to be searched. This requirement is met "if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended". *Steele* v. *United States*, 267 U.S. 498, 503 (1925); *United States* v. *Darensbourg*, 520 F.2d

985, 987 (5th Cir. 1975), and cases cited therein. *See* 68 Am. Jur.2d *Searches and Seizures,* § 74 (1973). We have held that the same mandate of particularity of description and the same test of compliance are applicable under the Fourth Amendment and under the Virginia statutes. *Manley* v. *Commonwealth,* 211 Va. 146, 151, 176 S.E.2d 309, 314 (1970), *cert. denied,* 403 U.S. 936 (1971). *See Brown and Larson* v. *Commonwealth,* 212 Va. 672, 674, 187 S.E.2d 160, 161 (1972). Nor will errors in the description of the premises to be searched invalidate a search warrant if there is sufficient information provided to lead the officer to the correct address. *See State* v. *Reynolds,* 11 Ariz. App. 532, 466 P.2d 405 (1970), where the premises were described as 1821 East Almeria and the correct address was 1821 East Amelia; *State* v. *Bisaccia,* 58 N.J. 586, 279 A.2d 675 (1971), where the premises were described as 371 and the correct number was 375; *United States* v. *DePugh,* 452 F.2d 915 (10th Cir. 1971), *cert. denied,* 407 U.S. 920, *reh. denied,* 409 U.S. 898 (1972); *McCormick* v. *State,* 169 Tex. Crim. 53, 331 S.W.2d 307 (1960);*United States* v. *Goodman,* 312 F. Supp. 556 (N.D. Ind. 1970); *People* v. *Watson,* 26 Ill.2d 203, 186 N.E.2d 326 (1962).

The trial court relied upon *Manley, supra.* There, the search warrant described the premises to be searched as the apartment of a named individual in a multiple-occupancy structure at a specified street address. The name of the apartment occupant appeared on the mailbox. We acknowledged the general rule that a search warrant directed against a multiple-occupancy building is invalid if it fails to describe the apartment unit to be searched with sufficient definiteness to preclude search of other apartments occupied by innocent persons. Applying an exception to the general rule, however, available where sufficient information is otherwise provided the officers, we held that the apartment was adequately described and that the search warrant was valid.

The reasoning of the trial court in the present case was that Westover Street and Westover Garden could be eliminated as containing only two words, and as between Westover Village Drive and Westover Hills Boulevard, inclusion of the distinctive word "Village" in the street name designated in the warrant would lead the officer to Westover Village Drive. Robinson argues that this

conclusion of the trial court was purely speculative, that Westover Village Drive and Westover Hills Boulevard each had two correct words of the three comprising the street name, and that the officer reasonably could have selected either of these two streets. But the map introduced into evidence by Robinson shows that there are no street numbers on Westover Hills Boulevard as high as 5755. Therefore, the officer proceeding to Westover Hills Boulevard would have eliminated this street without difficulty, upon personal observation or mere inquiry.

The street number of Robinson's residence was 5755 Westover Village Drive. There is evidence that Robinson was sometimes known as Jonathan. There is nothing in the record to show that any other street with "Westover" in the name had a 5755 number. There is nothing in the record to show that the officers had any difficulty finding Robinson's residence or that they engaged in any search of premises or harassment of innocent citizens at any other address. The record shows that the search warrant was issued at 9:00 p.m. on August 25, 1976, that it was executed on the same date, and that Detective Washington, the affiant in the supporting affidavit which described the premises as lying south of the James, participated in the search. Under these circumstances, therefore, we hold that the search warrant provided sufficient information so that the officers, with reasonable effort, could ascertain and identify the premises intended. Accordingly, the judgment of the trial court will be

*Affirmed.*