COMMONWEALTH OF VIRGINIA

v.

LARRY TYWAN MOSS

No. 2322-91-4

Decided June 19, 1992

COUNSEL

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

No brief or argument for appellee.

OPINION

WILLIS, J.—Larry T. Moss was indicted on charges of possession of cocaine with intent to distribute and possession of a firearm while possessing cocaine. He moved to suppress as evidence the 1.14 grams of cocaine found in his apartment, alleging that it had been obtained in violation of his fourth amendment rights. Pursuant to Code § 19.2-398 the Commonwealth appeals the granting of that motion. The Commonwealth contends (1) that the mere passage of time between the issuance and execution of a search warrant does not *ipso facto* render the warrant stale, and, (2) that the "good faith exception" applies to a warrant made stale by delayed execution. We find that this case is controlled by our recent decision in *Turner v. Commonwealth*, 14 Va. App. 737, 420 S.E.2d 235 (1992). We agree with the Commonwealth on the first issue and reverse the trial court's holding. Because of our decision on the first issue, we need not address the second.

On September 6, 1991, Detective Gurdak swore out an affidavit and obtained a search warrant for the defendant's home. Gurdak's affidavit and warrant were based on information received from a confidential informant during July, August and September, 1991. The informant reported that in late July 1991, he observed Moss possessing and selling cocaine in Moss's apartment building. He stated that Moss would meet "customers" in the lobby of his apartment building, 5380 Holmes Run Parkway, after they called him on the house phone. The informant stated that Moss would return to his apartment after most sales.

The informant further stated that he had gone to Moss's apartment on at least two occasions in August, and that on each occasion, Moss possessed cocaine and offered it for sale. The informant reported that he saw articles used to smoke crack cocaine.

The informant reported that in September, within forty-eight hours of the affidavit of September 6, 1991, he saw Moss in pos-

session of cocaine and offering it for sale. He stated again that Moss would go to his apartment between sales in the lobby. The affidavit further stated that the informant was reliable and had given reliable information in the past.

A search warrant was issued on September 6, 1991, but was not executed until September 11, 1991. Detective Gurdak testified that the reason for the delay was to permit the Moss warrant to be executed concurrently with a search warrant for another apartment in the same building. Moss was believed to be a friend or co-conspirator of the person involved in the other search warrant, and the detectives decided that it would be wiser to execute both warrants at the same time.

Moss argued that the warrant to search his apartment had become stale by the five day delay. The Commonwealth contended that the evidence against Moss showed an ongoing criminal operation, and that in any event the good faith exception applied. The trial court granted Moss's motion.

█ On appeal, the Commonwealth contends that the warrant was timely executed in accordance with Code § 19.2-56. We agree. Code § 19.2-56 sets out two time limits for the execution of a search warrant. First, a warrant must be executed "forthwith," and second, a warrant must be executed within fifteen days after issuance. The Moss warrant was executed five days after issuance. Thus, the sole issue here is whether it was executed "forthwith."

█ In *Turner*, we explained in great detail the meaning of "forthwith." We held that "forthwith," as used in Code § 19.2-56, means that search warrants be "executed as soon as reasonably practical under the circumstances" without undue delay. We also explained that the warrant must be executed while probable cause continues to exist within the statutory time limit. 14 Va. App. at 745, 420 S.E.2d at 240. *See also Bouldin v. Commonwealth*, 4 Va. App. 166, 171, 355 S.E.2d 352, 355 (1987). In *Turner*, we found reasonable an eleven-day delay resulting from compliance with a departmental regulation against searching unoccupied premises and delay experienced in locating the defendant whose personal search was also commanded by the warrant. Likewise, we find reasonable here the five-day delay required to permit the police to coordinate the execution of the search warrants, so that the conduct of one search would not jeopardize the success of the

other.

The record in this case discloses no basis for deeming that the circumstances providing probable cause for the search had grown stale by the time the warrant was executed. The informant's report of Moss's drug dealing did not suggest isolated incidents, but rather described an ongoing drug trafficking operation. His report described observations made over a three-month period, concluding within forty-eight hours of the issuance of the warrant. We find that the probable cause predicate, which supported the issuance of the warrant, continued to exist at the time of its execution.

For the foregoing reasons, we reverse the trial court's ruling and remand the case for resumption of proceedings in the trial court.

*Reversed and remanded.*

Duff, J., and Bray, J., concurred.