**UNITED STATES of America, Appellee,**

v.

**Glenn VALENTINE, Appellant.**

**No. 92–2366.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Jan. 26, 1993.

Neil J. Bruntrager, St. Louis, MO, argued, for appellant.

Kenneth Tihen, St. Louis, MO, argued, for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT and HENLEY, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Glenn Valentine appeals his conviction on three counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1988), and one count of use or carrying a firearm during a drug crime, in violation of 18 U.S.C. § 924(c)(1) (1988). Valentine contends the convictions should be reversed because the district court[1] (1) erred in failing to quash search warrants for buildings at 3048 Thomas and 1124 Tyler; (2) abused its discretion in denying Valentine's motion to sever the offenses; (3) erred in permitting the testimony of the Government's expert witness; and (4) erred in allowing the Government to introduce evidence as to actual possession of cocaine not mentioned in the indictment. We affirm.

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, Eastern Division.

### I.

On December 19, 1990, Glenn Valentine was arrested for possession of controlled substances. He was arrested at 3050 Thomas in St. Louis during the execution of a search warrant for 3048 Thomas. Officers obtained the warrant after surveillance, over the course of several days, of the unnumbered building adjacent to 3050 Thomas. Unbeknownst to the officers, the building was attached to 3050 Thomas and thus corresponded to the same number. The warrant accurately described the target building, but inaccurately identified the number as 3048, which was the clearly identifiable number of the building next to the target.

Upon entering the building, the officers recognized the error in the warrant. They continued their search, climbing the stairs to a second story bedroom, where they encountered Valentine. They searched him, and recovered 3.40 grams of cocaine and 4.26 grams of heroin from his pockets, as well as drug paraphernalia, including empty capsules, baggies, and a triple beam scale from a nightstand.

On September 28, 1991, Valentine was arrested while attempting to leave 1124 Tyler as officers executed a search warrant. Officers obtained the warrant after periodic surveillance over a six-week period, which was initiated by a tip from a confidential informant. The affidavit supporting the warrant specifically mentioned an alleged drug user and seller, Antoine Sanders. In the search, the officers encountered drug paraphernalia in the kitchen and more paraphernalia and a safe in a bedroom. The officers found approximately four grams of cocaine in Valentine's pockets. Valentine refused to give the combination to the safe, stating " 'I ain't giving you the combination to my safe.' " Trial Tr. at 130. The safe, which was later opened, contained over 119 grams of cocaine, $4,400, and a loaded revolver.

Valentine was indicted on the following counts, with Counts I and II based on the December 1990 incident and Counts III and IV based on the September 1991 incident:

COUNT I: "did knowingly, intentionally and willfully possessed with the intent to distribute approximately 3.40 grams of cocaine,"

COUNT II: "did knowingly, intentionally and willfully possessed with the intent to distribute approximately 4.26 grams of heroin,"

COUNT III: "did knowingly, willfully and intentionally possessed with the intent to distribute approximately 119 grams of cocaine,"

COUNT IV: "during and in relation to a drug trafficking crime, namely, the possession with intent to distribute approximately 119 grams of cocaine, a Schedule II controlled substance, did use or carry a firearm, that is, a .38 caliber, Smith & Wesson Chief Model bearing serial number R93298."

Valentine filed pretrial motions covering various issues. A motion to sever Counts I and II from Counts III and IV was denied. Valentine also filed pretrial motions requesting discovery and a Bill of Particulars. The district court denied the Bill of Particulars as moot because the Government indicated it had opened its file to Valentine.

Valentine also made motions regarding various incidents at trial. A Government expert witness, who previously had been identified as a fact witness, testified as to the uses of the recovered drug paraphernalia and the street value of the seized drugs. The Government also introduced evidence regarding the quantity of drugs seized in September 1991 that varied with the quantity charged in the indictment. Finally, the officer who prepared the affidavit supporting the search warrant for 1124 Tyler testified at trial that he observed Antoine Sanders at the location around the first of September, although the officer had arrested Sanders on August 20, and Sanders was incarcerated until September 19. Valentine's motions objecting to the above incidents were overruled.

The trial court rejected the attacks on the search warrants for 3048 Thomas and 1124 Tyler. The jury convicted Valentine on all counts. He received three concur-

rent 262 month sentences and one consecutive sixty-month sentence, for a total of 322 months, or twenty-six years, ten months.[2] Valentine appeals his convictions on all counts.

## II.

Valentine challenges the validity of the search warrant for 3048 Thomas, contending the warrant failed to identify the target of the search with sufficient particularity. The warrant and the affidavit supporting the warrant identified the target of the search as 3048 Thomas, although in actuality the building was connected to 3050 Thomas and corresponded to the number 3050. Valentine argues that once the officers executing the warrant discovered the error, they should have confined their search to the first floor of the building.

■ To be sufficiently particular, a search warrant must include enough description so that an officer executing the search can reasonably ascertain and identify the target of the search with no reasonable probability of searching another premises in error. *United States v. Ridinger*, 805 F.2d 818, 819–20 (8th Cir.1986); *United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). The warrant in question described the target of the search:

> 3048 Thomas, a 2 story, single family brick dwelling with an alluminum [sic] storm door and sits back from the street (there are no numerics on the front, but the residence is 1 door east of 3050 Thomas. [sic]

The warrant describes the target in detail, and the search was confined to the building. Mere technical errors in particularity are not enough to invalidate a search warrant. *See United States v. McCain*, 677 F.2d 657, 660 (8th Cir.1982). The trial court did not err in failing to quash the search warrant for 3048 Thomas.

## III.

Valentine also challenges the validity of the search warrant for 1124 Tyler. He alleges the affidavit supporting the warrant contained a false statement by an officer that was knowingly made or made in reckless disregard for the truth. Officer Hecht testified he observed Antoine Sanders at 1124 Tyler during one of his first surveillances during the six-week surveillance period. He stated his observation of Sanders occurred around early September. But, Hecht had arrested Sanders in late August and Sanders was incarcerated from August 20, 1991 through September 19, 1991.

■ To invalidate the warrant, the false statement must be made knowingly and intentionally or with reckless disregard for the truth, and it must be necessary to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 2684–85, 57 L.Ed.2d 667 (1978). The warrant is invalid only if without the allegedly false statement the affidavit is insufficient to establish probable cause. *Id.*

■ Hecht's statement regarding his observation of Sanders around the first of September was mistaken and therefore false. However, Valentine has failed to show the falsehood was knowing and intentional, or with reckless disregard for the truth. The surveillance occurred during a period of approximately six weeks, ending on September 27. Hecht might have observed Sanders before or after he was incarcerated and then incorrectly identified the date of the observation. Because Hecht participated in Sanders' arrest, it seems likely that Hecht made a mistake in recalling the date of his observation of Sanders at the Tyler address. Even without the false statement, the affidavit would be sufficient to establish probable cause. Thus, the trial court did not err in failing to quash the search warrant for 1124 Tyler.

**2.** Although the court must affirm Valentine's conviction on all counts, the writer notes with dismay the gargantuan sentences mandated by the Sentencing Guidelines. Such draconian sentences bear no relationship to traditional theo-ries of punishment and impose tremendous financial and human costs on society. *See United States v. England*, 966 F.2d 403, 411 (8th Cir. 1992) (Bright, J., concurring).

## IV.

Valentine contends the trial court abused its discretion in denying his motion to sever the offenses coming out of the two separate searches. He argues he was prejudiced by the prosecutor grouping the offenses in the closing argument to show possession with intent to distribute in both instances.

Under Rule 8(a) of the Federal Rules of Criminal Procedure, offenses may be joined when they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." The offenses should have occurred over a short period of time, and the evidence should overlap. *United States v. Shearer*, 606 F.2d 819, 820 (8th Cir.1979). The evidence from each offense should be admissible in a separate trial for the other offenses. *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir.1980); *United States v. Bowman*, 602 F.2d 160, 163 (8th Cir.1979).

Valentine argues the evidence regarding possession of narcotics on two separate occasions nine months apart would not be admissible in separate trials, as it would serve only as evidence of bad character prohibited by Fed.R.Evid. 404(b). Similar evidence has been admitted, however, to show motive, intent, or common scheme or plan. *Bowman*, 602 F.2d at 163. Because the evidence would be admissible in separate trials, joinder does not prejudice Valentine, and the trial court was within its discretion to deny Valentine's motion to sever.

## V.

Valentine contends the trial court abused its discretion by permitting the officer executing the first warrant to testify as an expert regarding drug paraphernalia and the street value of the seized narcotics. He asserts he was surprised by the nature of this testimony, in violation of his substantive rights. He further argues the testimony impermissibly addressed the ultimate issue to be decided by the jury.

Valentine filed pretrial motions asking for discovery, but the district court denied the motions after the Government indicated it was adopting an open file policy. Rule 16(c) of the Federal Rules of Criminal Procedure provides the parties have a continuing duty to disclose evidence or material subject to discovery or inspection by the opposing party. Evidence should be excluded when the discovery rules have been violated in a manner that prejudices the defendant's substantive rights. *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978).

The Government complied with Rule 16(c) in providing the name of the witness, and the opening statement at trial indicated expert testimony would be used to clarify the role of the items recovered in the search. After the direct examination of the expert witness, Valentine's attorney was given the noon recess to prepare for cross-examination. In these circumstances, Valentine has established neither surprise at the testimony, nor prejudice resulting from lack of notification.

Federal Rule of Evidence 704(b) prohibits expert testimony "as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." Expert testimony may be used, however, to help the jury understand the evidence or to determine a fact in issue. *United States v. Scavo*, 593 F.2d 837, 844 (8th Cir.1979). Here, the officer did not testify as to Valentine's mental state, but merely as to the typical use of the paraphernalia seized and the likelihood of intent to distribute based on the quantity of narcotics seized. As the officer did not address Valentine's mental state or condition, the district court did not abuse its discretion in admitting the testimony.

## VI.

Finally, Valentine contends the trial court erred in admitting evidence as to the actual possession of four grams of cocaine seized in the 1124 Tyler search when the indictment charged only 119 grams, the quantity found in the safe. He argues

that, because of this variance, he was surprised and unprepared to defend against a charge of actual possession, as the 119 grams subjected him merely to accusations of constructive possession. As such, he asserts the Government bootstrapped the constructive possession charge to the actual possession charge.

 Valentine must show the variance affected his substantial rights and caused him actual prejudice. *United States v. Jagim*, 978 F.2d 1032, 1040–41 (8th Cir.1992). Because of drug analyses provided to the defense and earlier testimony at trial, Valentine should have known the Government intended to submit evidence regarding the four grams found on Valentine's person. The Bill of Particulars denied by the district court would not have provided Valentine with additional information on the four grams to be addressed by the Government. Further, Valentine's statement "I ain't giving you the combination to my safe" does provide direct evidence of ownership of the safe and, by inference, the 119 grams inside the safe, thus negating any prejudice by including the four grams in the evidence presented to the district court. Valentine has failed to show the variance affected his substantive rights and caused him actual prejudice, and, thus, the trial court did not err in admitting evidence of the four grams seized from Valentine's person.

For the foregoing reasons, we affirm.