Present:   All the Justices

SHERRI ANN POLSTON, s/k/a
SHERRI ANNE POLSTON

                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 971536            April 17, 1998

COMMONWEALTH OF VIRGINIA

              FROM THE COURT OF APPEALS OF VIRGINIA

     Sherri Ann Polston entered a conditional plea of guilty
to the crime of possession of marijuana with intent to
distribute in violation of Code § 18.2-248.  Pursuant to Code
§ 19.2-254, she reserved her right to appeal that portion of
the Chesterfield Circuit Court's judgment denying her motion
to suppress the marijuana which she claims was the fruit of an
unlawful search.  The trial court accepted her guilty plea and
fixed her punishment at 10 years' imprisonment, which was
suspended subject to certain conditions.  The Court of Appeals
affirmed the judgment of the circuit court, Polston v.
Commonwealth, 24 Va. App. 738, 485 S.E.2d 632 (1997), and we
awarded the defendant an appeal.

     The following facts are relevant to our disposition of
this appeal.  Stuart G. Powell, a Chesterfield County
detective, along with an unidentified informant, appeared
before a magistrate on January 6, 1995.  Detective Powell
submitted an affidavit to the magistrate which stated in
relevant part:

"On this date 1-6-95, a citizen appeared before the magistrate of the Twelth [sic] Judicial District Court and stated the following facts under oath and the penalty of purgery [sic]. This citizen stated that within the past 72 hours he/she observed a quantity of marijuana being stored and being offered for sale at the apartment mentioned in section two of this document.

\* \* \*

"I was advised of the facts set forth in this affidavit, in whole or in part, by an informer. This informer's credibility or the reliability of the information may be determined from the following facts:

"The citizen mention[ed] in section 4 of this document made these statements while under oath and after being advised of the penalty of purgery [sic] by your affiant. Your affiant has been a police officer for over six years and is currently employed in the Vice and Narcotics Unit of the Chesterfield County Police Department. Your affiant has made several drug arrests and is familiar with the drug culture in and around Chesterfield County. The citizen has decided to remain anonymous for fear of retaliation."

The magistrate questioned the informant under oath, and the informant stated that he was familiar with the local drug culture and that he had used marijuana at least once per week for a number of years. The magistrate or Detective Powell added the following sentence to the affidavit: "This citizen is a self-admitted drug user and is familiar with the drug culture in and around Chestserfield [sic] County."

The magistrate issued a warrant authorizing a search of the defendant's apartment. When Detective Powell, along with

2

Chesterfield County police officers, conducted the search, the defendant directed them to a dresser in her bedroom which contained approximately one pound of marijuana. The officers also found a "bong" in the defendant's apartment, and the defendant told the officers that she sold marijuana.

The defendant argues that the magistrate did not have a substantial basis to find probable cause necessary for the issuance of the search warrant. The defendant observes that the "citizen" referred to in the affidavit was actually an individual who had been arrested by police officers earlier on the day that the search warrant was issued. Continuing, the defendant says that Detective Powell "conceded that he had made no effort of any kind to investigate or verify either the informant's credibility or the reliability of the information" contained in the affidavit. Responding, the Commonwealth asserts that the magistrate did have a substantial basis for finding that probable cause existed for the issuance of the warrant and that the evidence seized pursuant to the warrant was also admissible on another basis, the good faith exception to the warrant requirement established in United States v. Leon, 468 U.S. 897 (1984).

In Leon, the United States Supreme Court held that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those

3

unusual cases in which exclusion will further the purposes of the exclusionary rule."  468 U.S. at 918; see also Massachusetts v. Sheppard, 468 U.S. 981, 987-88 (1984).  The Supreme Court also stated that "the exclusionary rule is designed to deter police misconduct . . . ."  Leon, 468 U.S. at 916.  This deterrent is not present when a police officer, acting in objective good faith, obtains a search warrant from a magistrate and conducts a search within the scope of the warrant.  Derr v. Commonwealth, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991).  We have embraced and applied the good faith exception to the exclusionary rule.  Id. at 422-23, 410 S.E.2d at 667; McCary v. Commonwealth, 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984).

The Supreme Court stated the following test which we must apply to determine whether suppression of evidence is an appropriate remedy:

> "Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. . . .  The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role. . . .  [I]n such circumstances, no reasonably well trained officer should rely on the warrant.  Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' . . . .  Finally, depending on the circumstances of the

4

particular case, a warrant may be so facially deficient -- i.e., in failing to particularize the place to be searched or the things to be seized -- that the executing officers cannot reasonably presume it to be valid." Leon, 468 U.S. at 923 (citations omitted).

We hold that, regardless of the actual validity of the search warrant, the evidence seized during the search of the defendant's apartment is admissible because of the good faith exception to the exclusionary rule. The evils identified in the Leon test are simply not present here. When the police officers conducted the search of the defendant's apartment, they acted in good faith, reasonably, and under the authority of an apparently valid search warrant. The magistrate was not misled by any information in the affidavit, and he did not abandon his judicial role. Rather, acting in his judicial role, the magistrate questioned the informant about the informant's knowledge of drug activity in Chesterfield County. Additionally, the warrant is not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, and the warrant is not facially deficient.

Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.