# CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Elijah Beefree Pittington

June 25, 2001

Case No. 2461

BY JUDGE JOHN J. MCGRATH, JR.

This matter comes before this Court on Defendant's Motion to Suppress evidence seized from his home under authority of a search warrant. The Defendant contends that a search warrant issued by a magistrate of this Judicial District for a residence in the County of Rockingham, Virginia, is invalid and moves to suppress the evidence obtained as a result of search conducted pursuant to a search warrant.

It is well-established that the Fourth Amendment to the United States Constitution requires that a search warrant "particularly" describe the place to be searched and this requirement is met "if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." See, e.g., *Robinson v. Commonwealth*, 219 Va. 520, 523, 248 S.E.2d 786 (1978) (citing, *Steele v. United States*, 267 U.S. 498, 503 (1925); *United States v. Darensbourg*, 520 F.2d 985, 987 (5th Cir. 1975), and cases cited therein; 68 Am. Jur. 2d, *Searches and Seizures*, § 74 (1973)). Indeed, the Supreme Court of Virginia has held that the same mandate of

particularity of description and the same test of compliance are applicable under the Fourth Amendment and under the Virginia statutes. See *Robinson*, at 523 (citing, *Manley v. Commonwealth*, 211 Va. 146, 151, 176 S.E.2d 309, 314 (1970), cert. denied, 403 U.S. 936 (1971); *Brown and Larson v. Commonwealth*, 212 Va. 672, 674, 187 S.E.2d 160, 161 (1972)).

It is also recognized that errors in the description of the premises to be searched will not invalidate a search warrant if there is sufficient information provided in the affidavit and search warrant to lead the officer to the correct address. See *Robinson*, at 523, (citing, *State v. Reynolds*, 11 Ariz. App. 532, 466 P.2d 405 (1970) (the premises were described as 1821 East Almeria and the correct address was 1821 East Amelia); *State v. Bisaccia*, 58 N.J. 586, 279 A.2d 675 (1971) (the premises were described as 371 and the correct number was 375); *United States v. DePugh*, 452 F.2d 915 (10th Cir. 1971), cert. denied, 407 U.S. 920, reh. denied, 409 U.S. 898 (1972); *McCormick v. State*, 169 Tex. Crim. 53, 331 S.W.2d 307 (1960); *United States v. Goodman*, 312 F. Supp. 556 (N.D. Ind. 1970); *People v. Watson*, 26 Ill.2d 203, 186 N.E.2d 326 (1962)). The issue raised by Defendant's Motion to Suppress is whether the search warrant issued by the magistrate is invalid because it failed to "particularly" describe the place to be searched such that the officers with the search warrant could not, with reasonable effort ascertain and identify the place intended. See *Robinson v. Commonwealth*, 219 Va. 520, 523, 248 S.E.2d 786 (1978).

The search warrant issued commanded any authorized officer to search "the residence of Elijah Beefree Pittington and all buildings and vehicles on the curtilage located at 4385 Amentrout Path, Keezletown, Va. 22832," for various stolen equipment and illegal drugs and related paraphernalia as described by the affiant. The attached affidavit further described the place to be searched as "The residence of and all out-buildings and vehicles located on the curtilage at 4385 Armentrout Path, Keezletown, Virginia 22832"; "the residence is . . . a white single wide trailer with a wooden front deck."

Trooper Highland executed the search warrant on October 7, 2000, at 6:28 a.m. Trooper Highland along with several other law enforcement officers conducted a search of the residence and curtilage located at 4495 Amentrout Path, Keezletown, Virginia, the actual residence of the Defendant. Defendant submitted into evidence a photograph of the actual residence of the Defendant at 4495 Armentrout Path, Kezzletown, Virginia, and it does, in fact, meet the description given in Trooper Highland's attached affidavit of a "white single wide trailer with a wooden front deck."

However, Defendant asserts that there was no residence located at the address listed on the search warrant as 4385 Armentrout Path, Keezletown,

Virginia, which is in fact a vacant lot. The Defendant asserts that there is a residence fitting the description contained in the search warrant and attached affidavit in the 4300 block of Armentrout Path (i.e. a single wide white trailer with a wooden front deck). The Defendant has put into evidence a picture of a residence located 4381 Armentrout Path, Keezletown, Virginia, which, in fact, meets the description in the attached affidavit of a "white single wide trailer with a wooden front deck."

There is sparse jurisprudence available in Virginia precisely on all fours with the present case. A case which seems to this Court to have the most applicability to the current case before this Court is *Robinson v. Commonwealth*, 219 Va. 520, 524, 248 S.E.2d 786 (1978). In *Robinson v. Commonwealth*, a search warrant was issued authorizing police officers to search "5755 Westover Hills Village, Richmond, Virginia" with an additional description in the affidavit that it was "south of the James." The Defendant adduced at trial that his correct address at the time of the search was 5755 Westover Village Drive, that his name was Joe Nathan Robinson, not Jonathan Robinson, and that he was not present when the premises were searched. The Defendant in *Robinson* introduced a map showing that there were four streets whose names included the word "Westover" within the city limits of Richmond: Westover Street (north of the James), Westover Garden, Westover Hill Boulevard, and Westover Village Drive (all south of the James). There was no street named Westover Hills Village. The lower court reasoned that Westover Street and Westover Garden could be eliminated as containing only two words, and as between Westover Village Drive and Westover Hills Boulevard, inclusion of the word "Village" in the street name would lead the officer to Westover Village Drive. Additionally the evidence showed at trial that no street numbers on Westover Hills Boulevard went as high as 5755. The Supreme Court reasoned in *Robinson* that there was evidence that the Defendant Robinson was sometimes known as Jonathan; that there was nothing in the record to show that any other street with "Westover" in the name had a 5755 number; that there was nothing in the record to show that the officers had any difficulty finding Robinson's residence or that they engaged in any search of premises or harassment of innocent citizens at any other address; that the record showed that the search warrant was issued at 9:00 p.m. on August 25, 1976, that it was executed on the same date, and that the affiant in the supporting affidavit which described the premises as lying south of the James, participated in the search. Based upon this reasoning, the *Robinson* Court held that the search warrant was valid because it provided sufficient information so that the officers, with reasonable effort could ascertain and identify the premises intended.

As in *Robinson v. Commonwealth, supra*, the testimony in this case shows that Trooper Highland, the affiant in the supporting affidavit, who had met with Mr. Pittington at his residence, participated in the search. There is nothing in the testimony to show that the officers had any difficulty finding Mr. Pittington's residence or that they engaged in any search of premises or harassment of innocent citizens at any other address. See *Robinson v. Commonwealth*, 219 Va. 520, 524, 248 S.E.2d 786 (1978). According to Trooper Highland, the affiant in the affidavit, he actually pointed the correct residence of the Defendant out to participating officers to ensure that the proper residence was searched. Therefore, based upon the evidence presented at the suppression hearing, this Court finds that under these circumstances the search warrant provided sufficient information so that the officers with reasonable effort could ascertain and identify the premises intended.

The Commonwealth has provided this Court with a number of opinions from other state and federal jurisdictions from around the United States holding search warrants valid in situations such as this. See e.g. *United States v. Judd*, 889 F.2d 1410 (1989); *Lyons v. Robinson*, 783 F.2d 737 (8th Cir. 1985); *Champion v. State of Texas*, 919 S.W. 2d 816 (1996); *United States v. Valentine*, 984 F.2d 906 (8th Cir. 1993); *Gumina v. State*, 166 Ga. App. 592 (1983); *United States v. Johnson*, 26 F.3d 669 (7th Cir. 1994); *State v. Haught*, 179 W. Va. 557 (1988). In each of these cases, the Courts looked at factual circumstances to make a determination whether the search warrant described the premises to be searched with enough particularity to be constitutionally valid. The search warrant issued in this case clearly meets the applicable constitutional standard.

Even if this Court was to determine that the search warrant in this case was invalid because it failed to provide sufficient information so that the officers with reasonable effort could ascertain and identify the premises intended, the evidence seized by the officers in this case would still be admissible under the good faith exception to the exclusionary rule.

It is well-established that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." See *Polston v. Commonwealth*, 255 Va. 500, 503, 498 S.E.2d 924 (1998) (quoting, *United States v. Leon*, 468 U.S. 897, 918 (1984); see also *Massachusetts v. Sheppard*, 468 U.S. 981, 987-88, 82 L. Ed. 2d 737, 104 S. Ct. 3424 (1984)). The purpose of the exclusionary rule is to deter police misconduct, and this deterrent is not present when "a police officer, acting in objective good faith, obtains a search warrant from a magistrate and conducts a search within the scope of the warrant." See *Polston* at 503 (citing *Derr v.*

*Commonwealth*, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991)). This is known as the good faith exception to the exclusionary rule, first enunciated in *United States v. Leon*, which has been adopted by our state Supreme Court. See *McCary v. Commonwealth*, 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984).

The United States Supreme Court stated the following test that must be applied to determine whether suppression of evidence is an appropriate remedy:

> Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. . . . The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role. . . . In such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" . . . . Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient — i.e., in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid.

*Polston v. Commonwealth*, 255 Va. 500, 504, 498 S.E.2d 924 (1998) (quoting, *United States v. Leon*, 468 U.S. at 923)).

The evidence demonstrated that at the time of the search, Mr. Pittington's residence did not have any street numbers displayed on the property, and the Trooper relied on the address given over the phone by Mr. Pittington's live-in girlfriend. Although the girlfriend testified that she gave the Trooper the right number, one can only assume that the girlfriend gave the wrong address, or that she gave the right address and it was misunderstood or misinterpreted by the Trooper. Based upon the testimony at the suppression hearing, the Court finds that the executing officers in this case did act in good faith and reasonably under the authority of an apparently valid search warrant when they relied on the apparently correct address in the warrant. See *Maryland v. Garrison*, 480 U.S. 79, 88, 107 S. Ct. 1012, 94 L. Ed. 2d 72 (1987).

Therefore, this Court finds the evidence obtained in this case by a search of the actual residence of the Defendant at 4496 Armentrout Path,

Keezletown, Virginia, is admissible under the good faith exception to the exclusionary rule.

Therefore, the Defendant's Motion to Suppress is denied.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to Marsha L. Garst, Esquire, The Commonwealth's Attorney; and to Jeffrey F. Bradley, Esquire, Counsel for the Defendant.