COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


JEFFREY LYNN COFFEY

MEMORANDUM OPINION[*] BY
v.    Record No. 2912-01-3    JUDGE RUDOLPH BUMGARDNER, III
JANUARY 28, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Frank A. Mika for appellant.

Margaret W. Reed, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


The trial court convicted Jeffrey Lynn Coffey of possession of methamphetamine and possession of a firearm while in possession of drugs. He contends the magistrate lacked probable cause to issue the search warrant for his residence. He also maintains the evidence was insufficient to prove he possessed methamphetamine. Finding no error, we affirm.

When reviewing the denial of a motion to suppress, we consider evidence in the light most favorable to the Commonwealth. Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980). Augusta County deputies accompanied Waynesboro police officers to execute an arrest warrant and

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

search warrant. The city warrant charged felony embezzlement and authorized a search of the defendant's home, which was in the county.

During a search incident to the arrest, the officers discovered a vial of marijuana on the defendant's person. The defendant consented to a search of his house for drugs and told the officers his safe contained additional marijuana. On top of the safe the officers found a vial of marijuana and a baggie with an off-white powder that they later determined to be .38 grams of methamphetamine. Inside the safe the officers found more marijuana. The defendant admitted the marijuana and safe were his, but denied possessing the methamphetamine.

The defendant contends the affidavit for the search warrant was insufficient because it did not establish the informer's reliability or show why evidence of the embezzlement would be found in his residence. The zone vice-president for Cmart convenience stores, who was responsible for investigating embezzlements, investigated the loss of $15,000 from the Waynesboro store that the defendant managed. He determined several recorded bank deposits had never been made and the defendant had under-reported gas sales and had altered the store's books. The defendant's job included verifying the accuracy of store receipts. The company's investigator reported his findings to Waynesboro police. A police investigator corroborated the report by interviewing other store employees,

and then prepared an affidavit recounting the facts developed by the store and the police. A magistrate issued a felony arrest warrant charging embezzlement and a search warrant for the defendant's residence.

In determining whether an affidavit is sufficient to support the issuance of a search warrant, we look to the totality of circumstances and give "great deference . . . to the magistrate's finding of probable cause." Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991). Our role is to "ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (internal quotations and citations omitted).

We conclude the affidavit provided ample basis for the magistrate to find probable cause that the defendant committed embezzlement and that a search of his residence would uncover evidence of that offense. The source of the information was the company vice-president responsible for investigating embezzlements. The investigating police officer corroborated the company's investigation. The magistrate could reasonably believe the investigator's information and could reasonably infer that the defendant would have evidence of the embezzlement at his home.

The search was lawful for two additional reasons. The officer's reliance on the search warrant came within the good

faith exception to the exclusionary rule. Polston v. Commonwealth, 255 Va. 500, 504, 498 S.E.2d 924, 926 (1998). Finally, the officers were lawfully present in the defendant's house while executing an arrest warrant issued on probable cause. They discovered marijuana on the defendant's person and obtained his consent to search his residence for other drugs.

The defendant contends the evidence was insufficient to prove possession of methamphetamine. The Commonwealth must show the defendant was aware of both the presence and character of the drug and that it was subject to his dominion and control. Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

The defendant owned the house. He kept a locked safe in the closet of his master bedroom. He kept his guns in a gun cabinet and the keys to the cabinet in that room. He knew the combination to the safe and opened it for the police. He told the police he kept additional marijuana in the safe, and they found marijuana inside the safe. They also found it on top of the safe along with methamphetamine. The trial court had photographs of the room when assessing the testimony about the defendant's relationship with the master bedroom.

The defendant's proximity to the drug and ownership of the premises are circumstances to consider in determining whether he exercised dominion and control over the drug and "necessarily knows of the presence, nature and character of a substance that

- 4 -

is found there." Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992). In addition, "possession need not be exclusive." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990). The facts and circumstances of this case support a reasonable inference that the defendant knew of the presence and character of the methamphetamine and exercised dominion and control over it.

The defendant argued his nephew had been sleeping in the master bedroom while renovating the adjoining bathroom. He suggested that the methamphetamine might belong to the nephew because he was high when the officers arrived. The inferences drawn from proven facts are factual matters to be determined by the fact finder, and the trial court rejected that inference. Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997). "An hypothesis of innocence must arise from the evidence rather than from the imagination of defense counsel." Goins v. Commonwealth, 251 Va. 442, 467, 470 S.E.2d 114, 130 (1996). The trial court also rejected the defendant's testimony that he did not own the methamphetamine. Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981); Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Accordingly, we affirm the conviction.

Affirmed.