## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Ramanda Carr

May 2, 2003

BY JUDGE EDWARD L. HOGSHIRE

This letter addresses Defendant's Motion to Suppress, in particular, whether the warrant to search the duplex at 1506 6th Street SE described the appropriate unit to be searched with sufficient particularity. It is clear that the address contained throughout the warrant, unit 1506A, was incorrect. This fact alone, as discussed in *Robinson v. Commonwealth*, 219 Va. 520 (1978), is insufficient to justify suppression. However, a closer inspection of the warrant reveals clearly conflicting descriptions of the proper unit to be searched that could not reasonably be distinguished given the evidence available to the executing officers.

The warrant and affidavit mention that "Apartment A is the western most unit, that unit closest to 6th St. SE." It is not in dispute that this is the proper description of unit B. The next sentence, standing alone, notes that "the letter "A" is clearly displayed next to the door." In fact, the letter "B" is next to the western most unit. This description, on its face, provides directly conflicting evidence as to the location of the correct unit. This Court holds that the letter "A" is employed in the warrant as a descriptive physical characteristic, not merely as part of an incorrect address as suggested by the Commonwealth. That fact distinguishes this case from *Robinson*. There are no other descriptive sentences in the warrant to differentiate the two units.

Given that the executing officers did not have sufficient evidence from the face of the warrant to reasonably conclude which was the proper unit to be searched, this Court grants Defendant's Motion to Suppress.