KELSEY, J.,
with whom BUMGARDNER, J., joins, concurring, in part, dissenting, in part.
I concur in Part 11(B) of the majority opinion applying the Leon good-faith immunity to this case. I do not join in Part 11(A), which offers an advisory opinion on probable cause principles. Because Leon applies, it renders any further dissection of the warrant logically and legally unnecessary — as Virginia courts, both federal and state,[8] and the great majority *789 of other appellate courts have concluded.[9] “Principles of judicial restraint and precedent dictate that, in most cases, we should not reach the probable cause issue if a decision on the admissibility of the evidence under the good faith exception of Leon will resolve the matter.” United States v. Craig, 861 F.2d 818, 820 (5th Cir.1988). “This is simply another application of the sound judicial practice of refusing to decide or address issues whose resolution is not necessary to dispose of a case, unless there are compelling reasons to do otherwise.” Id. at 821.
That said, I do not deny we have the discretion to reverse the normal sequencing to resolve a “novel question of law” embedded solely in the probable cause analysis. Id. at 820 (quoting Illinois v. Gates, 462 U.S. 213, 264, 103 S.Ct. 2317, 2346, 76 L.Ed.2d 527 (1983) (White, J., concurring)). In this case, however, I see no legal novelties or precedential conflict in the authorities cited. Nor am I aware of any other “compelling reasons” to go beyond the Leon holding. Id. at 821. I thus think it more consistent with first principles to say no more. “Faithful adherence to the doctrine of judicial *790 restraint provides a fully adequate justification for deciding this case on the best and narrowest ground available.” Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531, 111 S.Ct. 913, 922, 112 L.Ed.2d 1125 (1991) (Stevens, J., concurring).

. See, e.g., United States v. Perez, 393 F.3d 457, 460 (4th Cir.2004) ("Assuming without deciding that the district court correctly concluded the search warrant was invalid for lack of probable cause, we exercise our discretion to proceed directly to the question of good faith.”); United States v. DeQuasie, 373 F.3d 509, 520 (4th Cir.2004) ("Without deciding whether the [specific] warrant is supported by probable cause, we will exercise our discretion and proceed directly to consideration of the Leon exception.”); Polston v. Commonwealth, 255 Va. 500, 504, 498 S.E.2d 924, 926 (1998) (“We hold that, regardless of the actual validity of the search warrant, the evidence seized during the search of the defendant’s apartment is admissible because of the good faith exception to the exclusionary rule.”); Lynch v. Commonwealth, 39 Va.App. 89, 93, 570 S.E.2d 871, 873 (2002) ("As did the trial court, we do not address the validity of the search warrant because the good faith exception applies to the facts of this case.”); Moyer v. Commonwealth, 33 Va.App. 8, 16, 531 S.E.2d 580, 584 (2000) (era banc) ("Further, assuming without deciding that the search warrant was insufficiently particularized to permit review of the diaries in their entirety, the evidence supported the trial court's finding that the good faith exception to the exclusionary rule applied.”); Robinson v. Commonwealth, 19 Va.App. 642, 646, 453 S.E.2d 916, 918 (1995) (“We need not address the *789 correctness of the trial court’s initial determination that the warrant was insufficient because we agree with the trial court's finding that the evidence was admissible under the good faith exception to the exclusionary rule.”).

. See, e.g., United States v. Cherna, 184 F.3d 403, 407 (5th Cir.1999) ("If the good-faith exception applies, we need not reach the question of probable cause.”); United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir.1992) (holding that the court "need not reach the probable cause issue if the good-faith exception applies”); Davidson v. State, 76 Ark. App. 464, 68 S.W.3d 331, 335 (Ark.Ct.App.), cert. denied, 537 U.S. 820, 123 S.Ct. 98, 154 L.Ed.2d 28 (2002) ("We agree with the State that the good-faith exception would support the denial of suppression in this instance. Thus, we need not address the existence of probable cause to issue the warrant.”); State v. Pattie, 42 S.W.3d 825, 827 (Mo.Ct.App. 2001) ("Because we find the State’s latter claim of error dispositive, we need not address whether sufficient probable cause existed to issue the search warrant.”); Nikrasch v. State, 698 S.W.2d 443, 447 (Tex.Ct.App. 1985) ("We conclude that we need not address the question of whether the affidavit was sufficient to establish probable cause for a search warrant. The record shows that the officers who executed the search warrant acted in objectively reasonable, good faith reliance on a duly issued warrant.”).