COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and McClanahan
Argued at Charlottesville, Virginia


DUANE TYLER PATTERSON
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 1723-07-4        CHIEF JUDGE WALTER S. FELTON, JR.
                                                   MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

David L. Hensley (E. Eugene Gunter; The Law Office of E. Eugene
Gunter, on briefs), for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following his conditional guilty plea, Duane Tyler Patterson ("appellant") was convicted

of possession of cocaine with intent to distribute, in violation of Code § 18.2-248; possession of

marijuana, in violation of Code § 18.2-250.1; possession of ecstasy, in violation of Code

§ 18.2-250; possession of heroin, in violation of Code § 18.2-250; and conspiracy to distribute

cocaine, in violation of Code §§ 18.2-248 and 18.2-256.  He appeals the trial court's denial of his

motion to suppress evidence recovered from his motel room.  Finding no error on the part of the

trial court, we affirm appellant's convictions.

BACKGROUND

"In reviewing the denial of a motion to suppress based on the alleged violation of an

individual's Fourth Amendment rights, we consider the facts in the light most favorable to the

Commonwealth.  The burden is on the defendant to show that the trial court committed

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reversible error." Ward v. Commonwealth, 273 Va. 211, 218, 639 S.E.2d 269, 272 (2007) (citation omitted). The evidence established that on June 2, 2005 State Police officers executed a search warrant, dated that day, at Room 238 of the Best Western Motel in Winchester. Inside that motel room, the police found 54.960 grams of cocaine, 1.991 grams of marijuana plant material, two tablets of ecstasy, four plastic bags containing heroin residue, $2,100 in United States currency, and drug paraphernalia. Prior to trial, appellant's motion to suppress that evidence was denied by the trial court. At trial, appellant entered conditional guilty pleas to each of the offenses charged. He was convicted of each offense.

The affidavit for the search warrant, prepared by State Police Investigator Bruce Hite, assigned to the Northwest Regional Drug Task Force, provided[1]:

> On 6/2/05, Hite met with informant . . . who advised that on 5/28/05 they observed Chad Ritter go into room 241 of the Best Western Motel. Ritter stayed a short period of time then retuned [sic] to informant . . . with crack cocaine, Ritter said that there was more cocaine and heroin in room 241 stored for sale. Ritter said that the people selling the drugs had recently purchased 6,000 [sic] worth of drugs for their use and sale.
>
> Chad Ritter is a known drug user by Hite. Ritter futher [sic] stated that the room 241 was rented in a fake name Larry (LNU).
>
> On 6/1/05, Inv. Hite went to the manager of the Best Western Motel, Don Lingo. Mr. Lingo advised Hite that Larry DeMarco was the name used to rent 241 on 5/28/05. Then this person wanted a different room for no reason[;] they gave him room 238 where they are now. The manager complained to Hite about a large amount of visitors to both these rooms. Which Hite knows to be consistant [sic] would [sic] behavior by drug dealers. The manager also said that the renter wanted no room service. Clean linden [sic] must be left outside the room[,] another thing drug users request[.] The manager gave Hite the descript [sic] of a car which Hite feels in [sic] that of Mandy Thompson who is a known heroin user in the past.
>
> After Hite reviewed all the facts of this case:
> (1) Buy from room 241

---

[1] No additional evidence was presented at the suppression hearing.

        (2) Move room from 241 to 238
        (3) No room service
        (4) Lots of foot traffic
        Hite believes that drugs are being stored and offered for sale in
        room 238 Best Western Motel Winchester, Va.

Investigator Hite stated under oath that the facts contained in the affidavit were based on his personal knowledge and information received from a confidential informant. The affidavit also stated that the confidential informant's credibility or reliability could be determined from the following facts: "Inv[estigator] Hite is a trained police officer with 20 + years of police experience. Informant . . . has been used by [Investigator] Hite to obtain a search warrant in the recent past where drugs were seized."

ANALYSIS

Appellant contends the trial court erred in denying his motion to suppress evidence seized from his motel room. He argues that the reliability, veracity, and basis of the confidential informant's knowledge did not provide the magistrate with sufficient probable cause to support the warrant's issuance. He also asserts that the affidavit was stale because the information given to the investigating officer was five days old when the magistrate issued the search warrant.

Even if we were to assume, without deciding, that the search warrant was defective, we nevertheless conclude from the record on appeal that the officers conducting the search did so in good-faith reliance on the validity of the judicially issued search warrant. Accordingly, we conclude the trial court did not err in denying appellant's motion to suppress.

Where as "warrantless search[s] [are] per se unreasonable [and violative of the Fourth Amendment of the United States Constitution], subject to certain exceptions," Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980), "'[a] grudging or negative attitude by reviewing courts toward warrants, . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant,'" Derr v. Commonwealth, 242

- 3 -

Va. 413, 421, 410 S.E.2d 662, 666 (1991) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)) (alterations in original) (internal quotation marks omitted). "'An officer's decision to obtain a warrant is prima facie evidence that he or she was acting in good faith.'" Adams v. Commonwealth, 275 Va. 260, 273, 657 S.E.2d 87, 95 (2008) (quoting United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002)).

"In United States v. Leon, 468 U.S. 897 (1984), the United States Supreme Court established a good-faith exception to the exclusionary rule, applicable when a search is conducted pursuant to a warrant subsequently determined to be defective for Fourth Amendment purposes." Ward, 273 Va. at 222, 639 S.E.2d at 274. "'[S]uppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule[,]' . . . 'to deter police misconduct.'" Polston v. Commonwealth, 255 Va. 500, 503, 498 S.E.2d 924, 925 (1998) (quoting Leon, 468 U.S. at 916, 918). However, "[t]he good-faith exception is not without limitations. In Leon, the Supreme Court outlined four circumstances in which the good-faith exception to the exclusionary rule would not apply." Ward, 273 Va. at 222, 639 S.E.2d at 274.

> "(1) [W]hen the [magistrate] 'was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth'; (2) when 'the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979)'; (3) when 'an affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or (4) when 'a warrant [is] so facially deficient . . . that the executing officers cannot reasonably presume it to be valid.'"

Ward, 273 Va. at 222-23, 639 S.E.2d at 274 (quoting United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (quoting Leon, 468 U.S. at 923)) (alterations in original).

Appellant contends the third prong of the Leon standard prevents the application of the good-faith exception to the exclusionary rule here. He argues that "[b]oth the [m]agistrate and

- 4 -

Investigator Hite should have been aware that the information [in the affidavit] used to procure the search warrant" "was so lacking in indicia of probable cause that reliance on it . . . was unreasonable." We disagree.

"The third limitation to the Leon good-faith exception conditions reliance on the magistrate's probable-cause determination by police officers to those circumstances where that reliance is objectively reasonable." Ward, 273 Va. at 223, 639 S.E.2d at 275.

> [T]he standard by which to decide whether probable cause existed for a search warrant is considerably different from the test to determine if an officer acted in good faith. The showing of an "objectively reasonable belief" that probable cause existed under the good-faith exception is a significantly lesser standard than a showing of a "substantial basis" for upholding a magistrate's determination of probable cause. "In fact, Leon states that the third circumstance[, relied on by appellant here,] prevents a finding of objective good faith only when an officer's affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence *entirely* unreasonable.'"

Adams, 275 Va. at 274, 657 S.E.2d at 95 (quoting United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002) (quoting Leon, 468 U.S. at 923)) (citations omitted). "'"Entirely unreasonable" is not a phrase often used by the Supreme Court.' An officer also is not required to go behind a magistrate's probable cause determination to ascertain whether probable cause actually existed." Id. (quoting United States v. Carpenter, 341 F.3d 666, 670 (8th Cir. 2003)).

Here, on May 28, 2005, the reliable confidential informant observed Chad Ritter, a known drug user, go into Room 241 of the Best Western Motel. Shortly thereafter, Ritter returned to the confidential informant with crack cocaine, provided information regarding the possession and distribution of illegal drugs in Room 241, and stated that Room 241 had been rented by an individual using the name "Larry." On June 1, 2005, Investigator Hite interviewed the motel manager, Lingo, regarding the activity which had been reported to him by the confidential informant. Lingo told Investigator Hite that a man named "Larry" had rented Room

241 on May 28, 2005, but had since moved to and then occupied Room 238. The motel manager also told Investigator Hite that both rooms rented by "Larry" experienced an unusually high volume of visitors, that "Larry" requested that the motel provide no room service for either room he rented and that clean linens be left outside. In the affidavit for the search warrant for Room 238, Investigator Hite stated that, based on his "20 + years of police experience," this activity was consistent with behavior by drug dealers. On June 2, 2005, Investigator Hite met with the confidential informant who advised him of the events of May 28, 2005. Later that same day, Investigator Hite appeared before a magistrate who issued a search warrant for "room 238 [at] the Best Western Motel" based on the information provided by Investigator Hite under oath.

Investigator Hite's affidavit contained sufficient information, derived from his conversations with the motel manager on June 1, 2005 and the confidential informant on June 2, 2005, from which a magistrate could form an objectively reasonable belief that drugs were being distributed and stored for sale in Room 238 of the motel on June 2, 2005, the day the search warrant was issued. See Commonwealth v. Moss, 14 Va. App. 750, 753, 420 S.E.2d 242, 243 (1992) (holding, where evidence reveals ongoing drug activity, five-day delay in executing search warrant provides "no basis for deeming that the circumstances providing probable cause for the search had grown stale by the time the warrant was executed").

Recently, in Herring v. United States, 129 S. Ct. 695 (2009), the United States Supreme Court noted, "To trigger the exclusionary rule, police [misconduct] must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Id. at 702. Here, Investigator Hite sought and obtained a search warrant from a judicial officer. The magistrate examined the sworn statements provided by Investigator Hite in his affidavit and determined that the circumstances set forth in the affidavit before him were sufficient to issue the search warrant. Once the search warrant was

issued, the officers promptly executed a search pursuant to the warrant's command.  We conclude the officers conducting the search pursuant to that warrant "acted in good faith, and the deterrent function of the exclusionary rule would not be served by excluding the evidence seized."  Ward, 273 Va. at 225, 639 S.E.2d at 276.  Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress the seized evidence.

For these reasons, we affirm appellant's convictions.

Affirmed.